412 P.2d 43

CITY OF PHOENIX, a municipal corporation, Appellant,

v.

PHOENIX CIVIC AUDITORIUM & CONVENTION CENTER ASSOCIATION, Inc., an Arizona Corporation, Appellee.

No. 8394.

Supreme Court of Arizona.

En Banc.

March 3, 1966.

Merle L. Hanson, City Atty., Phoenix, by Robert J. Backstein, Asst. City Atty., Joseph A. Matter, Chapman & Cutler, Chicago, Ill., of counsel, for appellant.

Snell & Wilmer, by Burr Sutter, Phoenix, Ariz., for appellee.

Calvin Webster, City Atty., Tucson, by Harrison G. Dickey III, Asst. City Atty., for amicus curiae City of Tucson.

Kramer, Roche, Burch & Streich by Frank Haze Burch, and Richard R. Filler, Phoenix, for amicus curiae Hotel-Motel Industry.

McFARLAND, Justice.

The parties to this litigation request that we clarify our opinion in regard to these points involved in our decision:

1. If the lease is amended to provide that the proceeds of ad valorem taxes cannot be required to be subjected to the payment of any rent due thereunder, will the lease as so amended nevertheless be in violation of the Arizona Constitution or the Arizona budget laws?

2. If the lease is amended to provide that all rent due thereunder shall be payable solely from the proceeds of excise taxes, will the lease as so amended nevertheless be in violation of the Arizona Constitution or the Arizona budget laws?

3. The Court, in its opinion, recognized that the Phoenix lease is not affected by the 1965 Session Laws, Chapter 22. If the Court decides favorably on either Point 1 or Point 2 and the lease is so amended, are we correct in concluding that said chapter will not be applicable to the lease?

We made it clear in our decision that we were not passing upon the question of whether the constitutional debt limitation and the statutory budget limitations would be violated where the ad valorem taxes would not be required to be subjected to the payments of the rent due under the lease; and that the lease as submitted to us was not affected by the 1965 Session Laws, Chapter 22. We pointed out, in our decision, instances in which we have held that bonds which were not payable from general funds were not affected by the constitutional debt limitation of the municipalities or the statutory budget limitations. In Switzer v. City of Phoenix, 86 Ariz. 121, 341 P.2d 427, we stated:

"* * * The authorities dealing with this problem are not entirely in accord, but the weight generally is to the effect that an obligation payable from a special fund created by the imposition of fees, penalties, or excise taxes and for the payment of which the general credit of the taxing authority is not pledged is not a debt within the meaning of constitutional debt limitations. See Stone v. City of Hobbs, 54 N.M. 237, 220 P.2d 704, and Annotation 100 A.L.R. 878; Gruen v. State Tax Commission, 35 Wash.2d 1, 211 P.2d 651. We will follow the weight of authority at least to the extent where, as here, the fund from which the obligations are to be paid is created by voluntary contributions of the state to the city." 86 Ariz. at 124, 341 P.2d at 428

We made plain the position of this court that obligations payable from revenues from improvements, the payment of which the general taxing authority is not pledged, are not a debt within the meaning of the constitutional debt limitation or the statutory budget limitations. Obligations payable from such sources, and from proper and valid excise taxes, providing no part of such obligation is payable from the gen-

**104**

eral funds, are not within the meaning of constitutional debt limitations or statutory tax limitations. In the Switzer case, we limited the holding to some extent, since the funds from which the obligations were to be paid were created by voluntary contributions of the state to the city. The validity of the agreement must necessarily depend upon the validity of the proposed excise taxes, or any other new revenues.

 Our answers to the questions presented in the motion for rehearing under Numbers One and Two would be "No, providing the excise taxes were proper and valid." In regard to Question No. 3, we have already pointed out that the proposed lease is not affected by the 1965 Session Laws, Chapter 22. This naturally includes amendments which would merely change the method of payment. We do not further enlarge upon our decision for the reason there may be matters which should be regularly presented to the court as to the source of revenues from which payments are to be made, including excise taxes, so that the court may then pass upon the validity of the tax. Those who would be affected by any proposed revenue or tax should have the opportunity of presenting their objections thereto.

The motion for rehearing is denied.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.