**460**

455 P.2d 257

The CITY OF PHOENIX, a municipal corporation and the Phoenix Civic Plaza Building Corporation, an Arizona corporation, Petitioners,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA and Warren L. McCarthy, Judge thereof; Louis P. FUGLISTALER, Wilma K. Fuglistaler, Ben F. Davis, Bessie F. Davis, Russell W. Armstrong and Barbara Armstrong, Real Parties Therein, Respondents.

No. 9700.

Supreme Court of Arizona.

In Banc.

June 5, 1969.

Robert Backstein, City Atty., Phoenix, by Alan K. Polley, Phoenix, Snell & Wilmer, by Edward Jacobson, Phoenix, for petitioners.

Gary Peter Klahr, Phoenix, for respondents Fuglistaler.

McFARLAND, Justice:

The City of Phoenix, a municipal corporation and the Phoenix Civic Plaza Building Corporation, an Arizona corporation, hereinafter referred to as Petitioners, have petitioned this Court for a writ of prohibition to prevent Respondents, Superior Court of the State of Arizona In and For the County of Maricopa and Warren L. McCarthy, Judge thereof; Louis P. Fuglistaler, Wilma K. Fuglistaler, Ben F. Davis, Bessie F. Davis, Russell W. Armstrong and Barbara Armstrong, real parties therein, from proceeding further in Cause No. C–223285 in the Superior Court of the State of Arizona, in and for the County of Maricopa, on the grounds that the Superior Court does not have jursidiction to render a decision which is contrary to the prior decisions of this Court, City of Phoenix v. Phoenix Civic Auditorium and Convention Center Association, Inc., 99 Ariz. 270, 408 P.2d 818, with supplemental opinion in 100 Ariz. 101, 412 P.2d 43.

In that case the City of Phoenix asked for a declaratory judgment in regard to the validity of a contract between the City of Pheonix and the Phoenix Civic Auditorium and Convention Center (the name of the latter has been changed to Phoenix Civic Plaza Building Corporation, an Arizona corporation, one of the petitioners in the instant case).

In that case we held that the lease-back arrangement, as more particularly described in the opinion in the case of City of Phoenix v. Phoenix Civic Auditorium, etc., supra, created a debt which would result in the constitutional debt limitation and statutory budget limitation of the City of Phoenix being exceeded. We further held that the same was distinguishable from cases where payments are made from revenues, or from a special fund not obtained from general taxes. We held also that the issuing of bonds which are not payable

from general funds but solely from independent revenue-producing assets or utilities does not constitute a debt on the municipality under the constitutional debt and budget limitation where the agreement expressly discloses that no part of the payments are to be from the general funds.

In a petition for clarification—City of Phoenix v. Phoenix Civic Auditorium, etc., supra—the following questions were presented by the City of Phoenix:

"1. If the lease is amended to provide that the proceeds of ad valorem taxes cannot be required to be subjected to the payment of any rent due thereunder, will the lease as so amended nevertheless be in violation of the Arizona Constitution or the Arizona budget laws?

"2. If the lease is amended to provide that all rent due thereunder shall be payable solely from the proceeds of excise taxes, will the lease as so amended nevertheless be in violation of the Arizona Constitution or the Arizona budget laws?

"3. The Court, in its opinion, recognized that the Phoenix lease is not affected by the 1965 Session Laws, Chapter 22. If the Court decides favorably on either Point 1 or Point 2 and the lease is so amended, are we correct in concluding that said chapter will not be applicable to the lease?"

In answer to those questions, we said: "We made plain the position of this court that obligations payable from revenues from improvements, the payment of which the general taxing authority is not pledged, are not a debt within the meaning of the constitutional debt limitation or the statutory budget limitations. Obligations payable from such sources, and from proper and valid excise taxes, providing no part of such obligation is payable from the general funds, are not within the meaning of constitutional debt limitations or statutory tax limitations. In the Switzer case (Switzer v. City of Phoenix, 86 Ariz. 121, 341 P.2d 427),

we limited the holding to some extent, since the funds from which the obligations were to be paid were created by voluntary contributions of the state to the city. The validity of the agreement must necessarily depend upon the validity of the proposed excise taxes, or any other new revenues.

"Our answers to the questions presented in the motion for rehearing under Numbers One and Two would be 'No, providing the excise taxes were proper and valid.' In regard to Question No. 3, we have already pointed out that the proposed lease is not affected by the 1965 Session Laws, Chapter 22. This naturally includes amendments which would merely change the method of payment. We do not further enlarge upon our decision for the reason there may be matters which should be regularly presented to the court as to the source of revenues from which payments are to be made, including excise taxes, so that the court may then pass upon the validity of the tax. Those who would be affected by any proposed revenue or tax should have the opportunity of presenting their objections thereto."

█ The City of Phoenix has fully complied with the requirements set forth in the answers to these questions, amending its agreement to provide, as set forth in the petition in the instant case, as follows:

"* * * that all rentals payable by the City would be paid from a special fund composed of (1) all revenues derived by the City from the ownership or operation of the auditorium center and (2) so much of the proceeds of all excise taxes validly imposed by the City and all excise taxes imposed by other entities and paid over to the City and not earmarked by the contributor for another purpose, to the extent that the proceeds of all such excise taxes may be needed to pay all rentals due from the City. In addition, the amended lease provides that the rentals to be paid by the City 'shall under no circumstances constitute a general

obligation of the City or be payable from the proceeds of ad valorem taxes.' * * "

The Respondents allege in their answer that the trial court is not acting in excess of its jurisdiction by proposing to hear the complaint below, alleging that the agreement has never been construed by this Court; and that the proposed financing method for the convention center in question does not conform to the "Special fund" exception to the constitutional-debt limits of Arizona, as previously outlined by decisions of this Court.

With this contention we cannot agree. The City of Phoenix has meticulously followed the requirements as set forth in our previous decisions. City of Phoenix v. Phoenix Civic Auditorium, etc., supra.

Respondents call attention to that part of our declaratory opinion, in which we stated:

"* * * We do not further enlarge upon our decision for the reason there may be matters which should be regularly presented to the court as to the source of revenues from which payments are to be made, including excise taxes, * * *"

This part of our decision referred to the right of an individual to test the validity of any particular tax that may be proposed in the future, and did not involve in any way the validity of the agreement. The validity of the excise taxes here is not in question.

The Respondents state there are facts to be determined, but fail either in their complaint or response in this case to point out facts that would invalidate this agreement. The improper use of funds alleged in the complaint does not affect the validity of the agreement because the funds are not authorized by the agreement itself.

All of the questions presented by Respondents in their answer were answered in our previous decisions. We held, in Flath v. Neal, 63 Ariz. 68, 159 P.2d 617, that:

"* * * A close examination of the reasoning of the cases and authorities * * * fairly discloses that this court established the rule of that case upon authority and not without good reason. Upon a subject matter that is so highly debatable, it is absolutely necessary that a position be taken and adhered to until it is made to appear by changing conditions that it is illogical, impracticable, or inequitable. The desirable goal in the administration of the law is certainty * * *."

The same law is applicable to the instant case. Each case involving the issuance of bonds, as to whether constitutional debt limitations are exceeded, must be decided under its own facts and merits.

Peremptory writ of prohibition issued.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.