No. 84-529

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

THE MONTANA POWER COMPANY, A Montana
corporation,

                    Plaintiff,

    -vs-

MARTIN CAREY, WALT DUTTON, JESSIE
S. FELSHEIM, SUSANNE L. HUCKABA,
MARY LEAVITT, et al.

                    Defendants and Appellants,

    and

IN THE MATTER OF THE APPLICATION
FOR BENEFICIAL WATER USE PERMIT
NO. 24921-s41e by REMI & BETTY
JO MONFORTON,

                    Petitioners and Respondents.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable W. W. Lessley, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                W. William Leaphart argued for Huckaba & Felsheim,
                Helena, Montana
                John R. Kline, Helena, Montana

        For Respondents:

                Moore, Rice, O'Connell & Refling; Perry J. Moore
                argued for Monfortons, Bozeman, Montana

        For Amicus Curiae:

                Gough, Shanahan, Johnson & Waterman; K. Paul Stahl
                argued for Montana Power, Helena, Montana
                Ted Doney, Helena, Montana


                    Submitted:  April 17, 1985

                    Decided:  June 6, 1985

Filed:   JUN 6 1985

        *Ethel M. Harrison*

_____
            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from an order of the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, which denied attorney fees to Susanne Huckaba and Jessie S. Felsheim, appellants, under section 85-2-125, MCA.

Remi and Betty Jo Monforton (hereinafter Monfortons) applied to the Department of Natural Resources and Conservation (hereinafter DNRC) for a water use permit to appropriate water from Cold Springs, a tributary of the Boulder River. The Montana Power Company (hereinafter MPC) and appellants, filed objections to the application. On March 1, 1982, following a public hearing where appellants and all objectors were represented, the DNRC issued a final order granting the permit conditioned upon specific restrictions.

In April, 1982, the Monfortons filed a petition for judicial review of the DNRC's final order and sought to remove the conditions on the permit. Likewise, MPC, an objector to the application, filed a petition for judicial review of the DNRC's final order. The petitions were consolidated. Following a hearing on the petitions, the District Court ruled that the time limitations and other requirements placed upon the Monforton permit by the DNRC substantially prejudiced the Monfortons' right to appropriate water. The District Court imposed attorney fees upon MPC and appellants. The appellants and MPC appealed the District Court decision to this Court. In Montana Power Company v. Carey (Mont. 1984), 685 P.2d 336, 41 St.Rep. 1233, the District Court order was reversed and the DNRC order was reinstated. As to attorney fees, this Court stated that the Monfortons were not the "prevailing party" and thus, were not

2

entitled to attorney fees. The appellants then petitioned the District Court for an award of attorney fees in their favor contending that they, rather than the Monfortons, were the "prevailing party" under section 85-2-125, MCA. Appellants' petition was denied by the District Court.

On appeal, we are concerned with one issue. Whether appellants are entitled to an award of attorney fees under section 85-2-125, MCA.

The appellants maintain because the Monfortons' claim for attorney fees was denied in Montana Power Company v. Carey, supra, 685 P.2d at 341, the Monfortons were not the "prevailing party." Moreover, because the Montana Supreme Court ruled in their favor by reversing the District Court ruling which increased the water right application, appellants submit that they ultimately prevailed in this matter and therefore were entitled to attorney fees.

The question regarding attorney fees was fully considered, determined and adjudged in Montana Power Company v. Carey, supra. The final paragraph in that decision stated:

> "In conjunction with this ruling, the Monforton's [sic] claim for attorney fees must be denied. Since the final order of the DNRC is affirmed, the Monfortons are not the prevailing party and cannot recover attorney fees from the respondents." Montana Power Company v. Carey, 685 P.2d at 341.

The District Court's decision was reversed. We hold with this action, every issue including the question of award of attorney fees was determined. The judgment of this Court is conclusive. It applies to all subsequent stages of the cause including appellants' petition to the District Court for the award of attorney fees. Central Montana Stockyards v. Fraser (1957), 133 Mont. 168, 320 P.2d 981; Brennan v. Jones (1936),

3

101 Mont. 550, 55 P.2d 697; In Re Smith's Estate (1921), 60 Mont. 276, 199 P. 696.

The Montana Power Company, appearing as amicus curiae argues that section 85-2-125, MCA, is unconstitutional. This Court will not entertain issues on constitutionality of a statutory provision when such issues are not raised by the parties to the action.

> "Since amici curiae are not parties and cannot assume the functions of parties, nor create, extend or enlarge issues, we have considered the briefs of amici only insofar as they coincide with the issues raised by the parties to the action. See Long v. O'Dell (1962), 60 Wash.2d. 151, 372 P.2d 548; City of Phoenix v. Phoenix Civic Aud. and Con. Cent. Ass'n. (1965), 99 Ariz. 270, 408 P.2d 818, reh. den. 100 Ariz. 101, 412 P.2d 43." Montana Wildlife Federation v. Sager (Mont. 1980), 620 P.2d 1189, 37 St.Rep. 1897.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

4