490 P.2d 18

**Doral H. SHAW dba A–I Cooler Pad Company, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Anna M. Parker, Respondent Employee.**

**No. I CA–IC 565.**

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 8, 1971.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Charles M. Brewer, Ltd. by Charles M. Brewer and James D. Lester, Phoenix, for respondent employee.

STEVENS, Presiding Judge.

■ We are faced with a problem which is novel in Arizona appellate opinions, i. e., by what method is the average monthly wage determined in relation to an injury sustained in seasonal employment concerning a temporary or pre-stationary physical condition. Unfortunately for both the injured employee and her employer, who is the petitioner before this Court, the employer was required to carry workmen's compensation insurance and failed to do so. This fact does not change the applicable law.

The employer is a manufacturer of excelsior pads for evaporative coolers. His work year begins about the first of January and ends about the first of June. There may be occasional brief periods of employment in addition thereto. The foregoing was the pattern of his business. Employment therein was seasonal employment within the definition of Pettis v. Industrial Commission of Arizona, 91 Ariz. 298, 372 P.2d 72 (1962). In Pettis our Supreme Court stated:

"Seasonal employment refers to occupations which can be carried on only at certain seasons or fairly definite portions of the year. It does not include such occupations as may be carried on throughout the entire year." 91 Ariz. at 302, 372 P.2d at 75.

The employee commenced her 1968 employment early in January of that year. She was injured on 6 May 1968 and her last employment day was 14 May. At most, she could have anticipated reasonably steady employment to about the first of June with the possibility of additional sporadic employment for the purpose of making pads to fill late orders. Her income from her employer in the year 1968 was the sum of $1,032.25.

The award here in question contained the following findings:

"6. Applicant is entitled to compensation for temporary partial disability from May 14, 1968 through October 9, 1969 and from February 9, 1970 until such time as her condition becomes stationary, and to compensation for total temporary disability from October 10, 1969 through February 8, 1970.

"7. Applicant's condition is not yet stationary.

"8. Applicant's work with the defendant employer consisted of the manufacture of cooler pads. These pads are used in evaporative coolers and the work is seasonal. Applicant had been employed by the defendant employer for several years and the work lasted for approximately six (6) months each year.

"9. Applicant's average monthly wage must therefore be determined by averaging her total earnings in all employments for the 12 calendar months prior to the injury.

"10. Applicant's average monthly wage at the time of injury was $200.00, the statutory minimum."

The award was brought to this Court for judicial review before there had been a computation of a money award for the periods of temporary disability which were recited in finding No. 6 quoted above.

In our opinion the case law from other jurisdictions does not aid us in resolving the problems before us due to the difference in various state statutes which the opinions had under consideration. In addition, there are no Arizona statutes which give us guidelines in relation to the problem

here in question. Our review of the cases from other jurisdictions indicates that in seasonal occupation determinations one set of guidelines may be used in relation to the awards for temporary disability, and another set of guidelines may be used in relation to awards for the permanent residuals of the industrial injury. We refer to the following text references to assist interested persons in finding cases from other jurisdictions. Section 2197 of Schneider on Workmen's Compensation (1957). Section 60.22 in Larson's Workmen's Compensation Law (1970). See also Section 12.07 in Blair's Reference Guide to Workmen's Compensation Law (1968).

## MAY OTHER INCOME BE CONSIDERED?

■ There is an indication in the file which is before us that the employee may have had other work-produced income from other sources. This evidence was not fully developed. In Mickelson v. Industrial Commission of Arizona, 7 Ariz.App. 182, 437 P. 2d 666 (1968), we undertook an extensive review of Arizona's monthly wage cases. We concluded that earnings from employment other than the employment in which the person was injured cannot be considered in determining the average monthly wage. We find no reason to depart from this principle in seasonal occupational cases and we therefor expressly disapprove of the above-quoted finding No. 9.

## THE $200 A MONTH STATUTORY MINIMUM

■ At the time of the injury in question there was a $200 a month floor for determining the average monthly wage for both temporary and permanent compensations. This was found in A.R.S. § 23–1041, subsec. F prior to the recent amendment thereof. In this connection we refer to the case of Stevens v. Industrial Commission of Arizona, 11 Ariz.App. 1, 461 P.2d 177

(1969). In Stevens we were not faced with a seasonal occupation problem. For reasons which we will set forth later, we are of the opinion that while the A.R.S. § 23–1041, subsec. F floor of $200 would apply to compensation for temporary disabilities, that is, where the physical condition of the injured employee had not reached the plateau of a stationary condition, we express no opinion as to the effect of this section in computing an award for permanent disability. In the matter now before us the employee's earnings for the period of her 1968 seasonal employment of five and one-half months was just below an average monthly wage of $200 per month and we approve finding No. 10 insofar as it applies to compensation for temporary disabilities under the evidence which appears in the file.

## HOW IS THE AVERAGE MONTHLY WAGE COMPUTED?

Before further consideration we wish to make it clear that we expressly avoid an opinion as to how the average monthly wage is computed in relation to seasonal employment when the problem arises relative to the computation of compensation for permanent residuals. In this connection we recognize that in the usual employment situation the average monthly wage is determined early in the proceedings and governs both the temporary compensation awards and the permanent compensation awards. It may well be that the preliminary determination in seasonal occupational situations may need to have an express reservation in relation to the distinction between temporary and permanent awards.

There are two opinions in Powell v. Industrial Commission of Arizona. The first is the opinion of the Court of Appeals reported in 7 Ariz.App. 518, 441 P.2d 553 (1968). The second opinion is the opinion of the Arizona Supreme Court in 104 Ariz. 257, 451 P.2d 37 (1969). In the Supreme Court opinion the Court of Appeals was expressly affirmed. Incidently, the two Powell opinions establish that a teacher on

a 9-month contract is not engaged in a seasonal occupation. In its opinion the Supreme Court stated:

"The term 'average monthly wage' in subsection A of § 23–1041 refers to the average wage where the claimant has worked more than thirty days prior to the injury. Therefore, we look to subsection A. It states that the employee who is entitled to compensation shall receive it on the basis of the 'average monthly wage.' The legislature, however, has omitted any formula to guide the Commission in computing that average." 104 Ariz. at 260, 451 P.2d at 40.

There is no express statutory provision in relation to seasonal employment. The Legislature having "omitted any formula to guide the Commission in computing that [average monthly wage] average" in relation to normal employment, it is our opinion that even more nebulous is the situation which faces the Commission and the Courts in relation to seasonal occupations.

In Mickelson on page 188 of the 7 Ariz. App. report and on page 672 of the 437 P.2d report we quote from an opinion of the Arizona Supreme Court in connection with the rehearing in relation to the case of Steward v. The Industrial Commission [69 Ariz. 159, 211 P.2d 217]. The quotation includes an illustrative discussion of the earnings in a seasonal occupational situation. In our opinion this illustrative discussion does not aid us in resolving the problem here in question.

We hold that in computing awards for compensation for temporary disability where the injured workman was engaged in a seasonal occupation the average monthly wage is computed in the same manner as though the injured workman had worked for a similar period of time in an occupation which was not seasonal. We again expressly refrain from setting forth a formula for the computation of the award for permanent residuals in a seasonal occupational situation.

In view of the fact that we have expressly disapproved finding number nine, the award is set aside.

CASE and DONOFRIO, JJ., concur.