495 P.2d 477

**Doral H. SHAW dba A–I Cooler Pad Company, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Anna M. Parker, Respondent Employee.**

**No. I CA–IC 565.**

Court of Appeals of Arizona, Division 1, Department A.

April 5, 1972.

Review Granted June 6, 1972.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Charles M. Brewer, Ltd. by Charles M. Brewer and James D. Lester, Phoenix, for respondent employee.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, amicus curiae.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Donald L. Cross, and Jennings, Strouss & Salmon by William R. Jones, Jr., Phoenix, amicus curiae.

STEVENS, Presiding Judge.

Our opinion [15 Ariz.App. 573, 490 P.2d 18] apparently caused some consternation. Not only did The Industrial Commission of Arizona file a timely motion for rehearing, but leave was granted to the State Compensation Fund to file an amicus curiae brief in support of the motion for rehearing. Messrs. O'Connor, Cavanagh, Anderson, Westover, Killingsworth and Beshears and Messrs. Jennings, Strouss and Salmon were granted leave to file a joint amicus curiae brief in support of the motion.

The Fund urges that we have decided issues which were not presented in the briefs. The petitioner urges that the employee was employed in seasonal employment with a maximum six-month duration and that she should not draw compensation except during the identical 6 months that she would normally be employed. The employee urges that to take her six-months earnings and then divide the total thereof by 12 in determining her average monthly earnings followed by the payment of compensation for her injuries for only six months out of each year is certainly not proper. The only compensation involved in the case now under consideration is for temporary total disability and for temporary partial disability for the periods specified in Finding No. 6 which was quoted in our earlier opinion. Finding No. 6 proposes to grant temporary compensation to the employee for in excess of 21 consecutive months. It was and is our opinion that it became necessary for us to examine the method by which the average monthly wage was determined before we could answer the issues presented and it is our belief that we did not go beyond the issues. Realizing that possibly the briefs were not as complete in this area as they might have been, we freely granted leave to file amicus curiae briefs.

There seems to be no basic disagreement that any permanent compensation awarded to a seasonal employee is not to be identical to the compensation awarded to a worker engaged full time in a 12-month industry. Yet our statutes do not give us the guidelines and we cannot sidestep the issue even though we be accused of judge-made law. This case is controlled by the Arizona statutes as they existed prior to 1 January 1969 and references to the Arizona Revised Statutes are references to the pre-1969 sections.

The employee was employed for more than 30 consecutive days so that A.R.S. §

23-1041, subsec. B is not applicable. A.R.S. § 23-1041, subsec. D reads as follows:

> "The term 'monthly wage' means the average wage paid during and over the month in which the employee is * * * injured."

The key words are "during and over the month in which the employee is * * * injured."

We find no statutory distinction between full time 12-month employment and a seasonal 6-month employment. In the opinions of this Court and of the Arizona Supreme Court in Powell v. The Industrial Commission of Arizona, 7 Ariz.App. 518, 441 P.2d 553 (1968) and 104 Ariz. 257, 451 P.2d 37 (1969), the average monthly wage for a 9-month contract for a teacher was determined by dividing the total contract figure by the number 9. Both opinions disapprove The Industrial Commission's method of dividing that total by 12. In neither Powell decision was there a determination as to the number of months in any one calendar year that compensation should be paid.

■ In our earlier opinion in the case now under consideration we disapproved Finding No. 9 which utilized "earnings in all employments." We add to our disapproval the totaling of the wages which the employee received from her employer in the year 1968 and dividing that figure by 12.

The Fund points out that we were in error in our opinion wherein we stated that the employee was employed for 5½ months. We recognize that error. The figure should have been 4½ months. Her 1968 earnings of $1,032.25 in a 4½ month period would result in an average monthly wage of $229.34. We now disapprove Finding No. 10.

Under the statutes once the average monthly wage has been determined then A.R.S. § 23-1045, subsec. A is used in computing the compensation for temporary total disability. A.R.S. § 23-1044, subsec. A is used in computing compensation for temporary partial disability. A.R.S. § 23-1044, subsec. C is used in computing permanent partial disability compensation for an unscheduled injury.

■ At no place in the statutes do we find any exceptions for seasonal employment. Thus it would appear that a seasonal employee would be entitled to compensation on the same basis as one who had entered upon permanent employment and was injured as here 4½ months after starting the job.

But, say the petitioning employer and the amicus curiae, that cannot be. While we agree, we ask where in the statutes do we find the exception?

If there is to be an exception it must be created. In our earlier opinion we held that one who sustains temporary total disability is entitled to compensation for the duration of that temporary total disability, even though a seasonal worker, based upon that worker's average monthly wage "during and over the month in which the employee is * * * injured." A.R.S. § 23-1041, subsec. D.

To grant permanent disability bearing a reasonable relation to seasonal earnings one of two inflexible rules must give way. Either the method of computing average monthly wages for the purpose of computing permanent compensation must be modified or the statutory formula for applying the single average monthly wage determination must be modified. In the case before us, we are not called upon to decide which method should be used. In our earlier opinion we only suggested that possibly the method of computing the average monthly wage for the purpose of permanent compensation might differ from the computation of the average monthly wage for a temporary disability. We find no provision in the statute which provides that a permanent partial disability will be compensated only for those months during which the seasonal employee was employed or could have been employed.

Our earlier opinion as modified hereby stands and the motion for rehearing is denied.

CASE and DONOFRIO, JJ., concur.