451 P.2d 897

Albert BREWER, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Norman Hale, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 220.

Court of Appeals of Arizona.

March 18, 1969.

**320**

W. Roy Tribble, Chandler, for petitioner.

Robert D. Steckner, Acting Chief Counsel, by William E. Smith, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, for respondent Carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued on 19 June 1968 denying the petitioner's petition for hearing on the grounds that "nothing new has been offered which has not been previously considered by this Commission." Earlier, on 28 February 1968, the Commission had issued an award and findings for non-compensable claim.

■ The fact situation is as follows. The petitioner and his wife were milkers on the dairy farm of the respondent, Norman Hale, near Tolleson on 10 March 1967. They had been working for Hale at this job for more than 5 years. That day the Brewers went to their duties of milking and feeding dairy cows at the customary hour, 4:30 a. m. Mr. Brewer, as usual, carried three or four one hundred pound bags of dairy feed about 35 to 50 feet prior to commencing the milking operation.

After milking approximately twenty cows he started to put a young heifer (milked once by machine previously) into an appropriate position in a milking stanchion by pushing on her, this activity lasting approximately two or three minutes. While so pushing on the heifer the petitioner felt a pain localized in his chest area and became weak and nauseous. He sat down for awhile and was thereafter assisted to the car by his wife and driven to Phoenix where he saw a medical doctor and was admitted to the Maricopa County General Hospital. After tests, diagnosis was made of acute myocardial infarction and Mr. Brewer obtained treatment there until 4 April 1967.

The question before the Commission was whether the petitioner suffered an accidental injury rising out of and in the course and scope of his employment, which the Commission determined against the petitioner. The question before this Court is whether that determination by the Commission is reasonably supported by the evidence.

■■ Even though the appellate court may feel that the weight of evidence as a whole is against the findings of the Industrial Commission, generally the appellate court may not disturb those findings if they are reasonably supported by sufficient, legally competent evidence. Where a case calls for expert testimony, the Court of Appeals will not substitute its opinion for that of the Industrial Commission, where the Commission has resolved the conflict in medical testimony. Frizzell v. Industrial Commission, 6 Ariz.App. 293, 432 P.2d 152 (1967). In the instant case, a medical doctor called by the petitioner expressed the opinion that the stress and strain of the employment aggravated the condition of the petitioner's heart and contributed to or precipitated the myocardial infarction which he suffered. Another

medical doctor called by the Commission expressed the opinion that the petitioner was accustomed or conditioned to the requirements of his employment, and that the myocardial infarction which occurred, occurred in the setting of the employment co-incidental to it, and was not aggravated or precipitated by the employment.

Much testimony was introduced apropos of the question of whether the petitioner's activities on the morning of 10 March 1967 were usual or unusual exertion. We have discussed this issue at length in Rutledge v. Industrial Commission, 9 Ariz. App. 316, 451 P.2d 894 (1969), with a view to clarifying Thiel v. Industrial Commission, 1 Ariz.App. 445, 404 P.2d 711 (1965) and Roberts v. Industrial Commission, 1 Ariz.App. 449, 404 P.2d 715 (1965). We concluded in Rutledge, supra, that in heart attack cases "the question is still one of causation * * *" and where, as here, the Commission has resolved a conflict in the testimony of medical experts as to causation, its determination being reasonably supported by the evidence, must stand.

There being medical evidence in the record which reasonably supports the determination by the Commission, the award is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.