471 P.2d 756

Marvin E. **SELL**, Petitioner,

v.

**INDUSTRIAL COMMISSION** of Arizona, Respondent,

*Inspiration Consolidated Copper Company— Christmas Mine Development, Respondent Employer,*

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 331.**

Court of Appeals of Arizona, Division 1, Department A.

June 23, 1970.

Rehearing Denied July 22, 1970.

Lawrence Ollason, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for The Industrial Commission of Arizona.

G. H. Ladendorff, Phoenix, for Employer Inspiration Consol. Copper Co.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari brought by the petitioner to review the lawfulness of an award and findings of The Industrial Commission of Arizona for temporary disability only, issued on July 23, 1969.[1]

---

1. This case was decided under the law as it existed prior to January 1, 1969.

Petitioner was injured in a mine fall of 20 to 35 feet, which caused injuries to his back, neck, and left hand. The accident occurred on July 31, 1965.

The question before the Court is whether the Commission's finding that the petitioner suffers no permanent physical or mental disability resulting from his industrial accident is reasonably supported by the evidence.

 This case was vigorously litigated by both the petitioner and the respondent employer, resulting in a voluminous file. We are here concerned primarily with the medical testimony, as the question presented is whether or not the petitioner suffered a permanent physical disability resulting from his industrial accident, and this is within the singular knowledge of medical experts. Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962). The petitioner received medical treatment and examinations from a number of doctors, three of whom testified at hearings. These were W. V. Ergenbright, M. D., J. R. Atkinson, M. D., and Howard P. Aidem, M. D. The import of their testimony was that although they had conducted extensive tests and examinations and had the petitioner hospitalized for a period of time for detailed laboratory work and examinations, they were unable to determine any physical origin for his subjective complaints. There is no other evidence in the record which would contradict this testimony. Petitioner testified that he still suffered symptoms in the nature of severe headaches, but offered no medical testimony to show that these headaches were causally related to the industrial accident. In this case, as in Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968), there is no evidence in the record that was brought before the Industrial Commission from which they could reasonably have concluded that the exhaustive medical testimony was in error. All of the medical findings indicated that there was no residual physical disability.

Petitioner urges that the Commission failed to compensate him for a dis-

ability to his left hand. The only reference in the record to this disability is a letter from W. R. White, M. D., dated October 20, 1965, at which time he stated, "My estimate of the permanent disability is: 20% left hand." The medical examinations which determined that the petitioner suffered no disability took place some years following this letter. These later medical examinations do not indicate that petitioner was in fact left with a 20% disability, or any disability, of the left hand.

It is the opinion of the Court that the award of the Industrial Commission for temporary disability is reasonably supported by the evidence.

The award is affirmed.

STEVENS and CAMERON, JJ., concur.