428

489 P.2d 275

Dorothy Irene PAIS, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Starrett Brothers, Inc. (Starrett's),
Respondent Employer,

State Compensation Fund, Respondent
Carrier.

No. I CA–IC 433.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 12, 1971.

Rehearing Denied Nov. 15, 1971.

Review Granted Dec. 21, 1971.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Cecil A. Edwards, Jr., Phoenix, for respondent carrier.

JACOBSON, Presiding Judge.

This appeal by writ of certiorari raises the question as to whether testimony of a psychiatrist based upon a file review is competent testimony.

Petitioner, Dorothy I. Pais, a 52-year-old seamstress, injured her left hand on October 7, 1967, when she struck it on a swinging door while engaged in work within the scope of her employment. Following her injury, Mrs. Pais received emergency care at a hospital. Subsequent to the emergency care, an examining neurosurgeon expressed difficulty in associating many of her complaints with the October 7th injury. Mrs. Pais continued to complain of pain and disability so she was referred to Dr. R. A. Huger, who examined her in December of 1967. Subsequently the petitioner was also examined by Dr. John H. Richer, an orthopedic specialist with a sub-specialty in hands.

Dr. Richer's report concluded that "the patient apparently bruised the back of her

left hand * * * rupturing a superficial vein. She had some sort of conversion or hysterical reaction, which has prolonged and accentuated her disability."

On February 23, 1968, the Industrial Commission issued its Findings and Award for Temporary Disability, awarding accident benefits and compensation through February 16, 1968 and finding that the petitioner had no permanent physical or mental disability resulting from the accident of October 7, 1967. This award was duly protested and a petition for hearing was filed alleging a continued psychiatric disability.

At the request of the State Compensation Fund, Dr. William McGrath, a psychiatrist, conducted a file review of petitioner's case. Dr. McGrath's 1968 report indicated that he had personally examined the petitioner in connection with an industrial claim in 1965 but had not personally examined her since that time, and then concluded that the petitioner had no mental disability attributable to the 1967 accident. From the Industrial Commission's findings and award that petitioner had no permanent mental or physical disability resulting from her industrial accident, the petitioner has appealed.

■ The first issue raised by the appeal is whether a psychiatrist, who has conducted a previous examination of a patient, can give a medical opinion as to the patient's mental state following an industrial injury which is based upon that prior personal examination and a subsequent file review. A file review by a doctor who has previously examined the patient may furnish the basis of a medical opinion supporting the Commission's award. *See* Piepkorn v. Industrial Commission, 9 Ariz.App. 532, 454 P.2d 580 (1969). Although in the *Piepkorn* case the file review was conducted by an orthopedic surgeon, we can discern no distinction with the instant case where a psychiatrist conducted the file review, especially when the psychiatrist had previously con-

ducted a personal examination of the patient.

Dr. McGrath's testimony adequately explains the basis for his conclusion: "A review of the file, with particular reference to the accident of 10–7–67 tends to reinforce rather dramatically our opinion of 10–26–65. * * *" Dr. McGrath concluded from reviewing the 1965 and 1967 files that the patient had the same psychological symptoms following the latest industrial injury as she had experienced following the industrial injury in 1965 when he personally examined her.

■ A determination that Dr. McGrath was competent to testify as to petitioner's mental condition also answers the second question raised by this appeal as to whether the Commissioner's finding is reasonably supported by the evidence. While Dr. Richer testified that in his opinion petitioner suffered from a conversion reaction, Dr. McGrath's testimony is unequivocal that petitioner's condition was not a true conversion reaction which would be compensable. He stated that her "complaints themselves did not have structural or organic basis and, therefore, we inferred that they were auto-suggested or psychosomatic, and the patient was manifestly wanting to relate them to the compensable injury in her industrial claim. A secondary gain was involved and the patient has sustained a seemingly trivial injury that in uncompensable circumstances would probably not in the patient's mind be related to the continuing complaints." He further was of the opinion that the patient had no psychosis nor neurosis present.

An award should be affirmed on appeal if it is reasonably supported by the evidence. Frizzell v. Industrial Commission, 6 Ariz.App. 293, 432 P.2d 152 (1967). In our review of the record, the testimony of the doctors did produce some degree of conflict. Where such a conflict exists, in testimony calling for expert opinion "the Court will not substitute its opinion for

that of the [Industrial] Commission.
* * *" *Frizzell, supra,* at 295, 432 P.2d
at 154.

The award is affirmed.

HAIRE and EUBANK, JJ., concur.