492 P.2d 724

Mary C. HAZLETT, widow of deceased Ross C. Hazlett, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Arizona Registrar of Contractors, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 670.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 19, 1972.

Rehearing Denied Feb. 7, 1972.

Review Denied March 14, 1972.

---

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, Phoenix by Dee-Dee Samet, Tucson, for respondent carrier.

JACOBSON, Judge.

In this appeal by writ of certiorari, this Court is asked to determine whether the medical evidence supports the Industrial Commission's findings that the deceased's death was not causally related to his employment.

In September, 1969, Mr. Hazlett, a 68-year old investigator for the Registrar of Contractors, went to the home of a woman who had filed a complaint with the Registrar. During his visit, a heated argument occurred between the woman and the contractor who had constructed the home. During this argument Mr. Hazlett indicated he did not feel well and he left. The next day, Mr. Hazlett consulted a doctor, who diagnosed his condition as a stroke.

Approximately eight months later, on May 23, 1970, Mr. Hazlett suffered a myocardial infarction and died. His widow applied for death benefits, claiming that the stroke which occurred during the course of her husband's employment aggravated the condition which caused the fatal heart attack. The Commission issued its award denying the widow's claim for death benefits.

■ A claimant has the burden of proving that his injury was causally connected to his employment. Jones v. Industrial Commission, 9 Ariz.App. 543, 454 P.2d 591 (1969). A determination of the cause of Mr. Hazlett's death is not a matter clearly apparent to a layman and expert medical testimony is therefore necessary. Sell v. Industrial Commission, 12 Ariz.App. 454, 471 P.2d 756 (1970).

Petitioner alleges that the medical testimony showed that the stroke which occurred during the course of employment, aggravated the condition which caused Mr. Hazlett's death. The testimony of Dr. Robert L. Lock tends to support petitioner's position.

On the other hand, the testimony of numerous doctors called by the respondent is clearly to the contrary: Dr. George Nash, a specialist in neurological surgery, testified that the immediate cause of death was a myocardial infarction and not the stroke suffered in the fall of 1969 and that the infarction was caused by an underlying coronary artery disease. Dr. Mark Kartchner, a specialist in vascular surgery, was also of the opinion that the stroke had no relationship to the myocardial infarction.

Aside from the conflict in the medical testimony concerning the causal connection between the stroke and the subsequent heart attack, there was a serious medical dispute as to whether the stroke itself was causally related to the deceased's employment.

This medical testimony indicated that the stroke had no relation to Mr. Hazlett's employment. Dr. Nash testified that the stroke was caused by a hardening of the

**230**

arteries. Dr. Kartchner thought the stroke would have occurred whether or not the deceased had been at the woman's house because of the natural progression of the underlying disease.

Where the Commission has resolved a conflict in the medical testimony, this Court will not substitute its opinion for that of the Commission. Frizzell v. Industrial Commission, 6 Ariz.App. 293, 432 P.2d 152 (1967). The Commission has done so here and therefore the petitioner has failed to carry the burden of proving any causal connection between her husband's death and his employment.

Award affirmed.

HAIRE, P. J., and EUBANK, J., concur.