510 P.2d 1053

**Jose R. RODRIGUEZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Magma Copper Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA-IC 732.**

Court of Appeals of Arizona, Division 1, Department B.

June 12, 1973.

Rehearing Denied July 9, 1973.

Review Granted Sept. 18, 1973.

————◆————

Merchant, Lohse & Bloom by William A. Riordan, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for The Industrial Commission of Ariz.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondent Employer.

Robert K. Park, Chief Counsel, Phoenix, for State Compensation Fund.

EUBANK, Presiding Judge.

The substantial questions raised by this review by certiorari of the Industrial Commission's award is whether the evidence supports the Commission's findings that the petitioner violated a company work rule, failed to prove that his injury arose out of and in the course of his employment, and failed to carry his burden of proof generally. Our review requires that we affirm the Commission's award.

On December 20, 1970, the petitioner was employed as a lead operator at one of the employer's ore crushing plants located at San Manuel, Arizona. At this point in time and contiguous to petitioner's work station, the employer had under construction a new crushing plant which was incomplete. At 11:00 P.M., the petitioner asked for relief from his work station at the panel board in order to go to the rest room to obtain some aspirin to alleviate pain resulting from a tooth extraction that he had undergone several days before. He was replaced by his relief operator and descended to the rest room which was located two levels below. When he left the rest room, for some unexplained reason, he chose to enter the dark, incomplete new construction area in order to climb five levels to the "tripper deck" with the intention of crossing over to his crusher in order to obtain some aspirin from the No. 8 tripper operator. In the darkness he fell into an uncovered concrete ore chute and was injured. The record shows that the employer provided a well-lit, safe stairway running from the rest room to petitioner's work station and to the No. 8 tripper deck, and that the route taken by the petitioner could be characterized as dangerous, foolhardy and negligent at best. The petitioner had no explanation for being where he was injured and neither did any other witness that testified. The hearing officer found as a fact that although the petitioner was properly relieved from his "working station" he had not received permission to leave his "work area" and that this violated a company rule. The hearing officer also found that the petitioner had not proven that the injury arose out of and in the course of his employment; and that he had failed to sustain his burden of establishing the essential elements of his claim by a preponderance of the evidence.

Petitioner did not comply with Rule 5(b) 7, Rules of the Supreme Court, 17 A. R.S., by failing to state the questions presented for review. Since we are affirming the award and no prejudice will

result to the respondents, we will not dismiss the appeal for failure to comply with the Supreme Court's rules.

Petitioner's opening brief attempts to limit the issue on review to the employer's work rules. However, the Commission's findings, as we have seen, turned on three separate bases: the rules, the injury, and the burden of proof, the validity of any one of which is sufficient to sustain the award.

While we agree with the petitioner that there is no evidence in the record which defines "work area" in relation to the petitioner or his job, there is sufficient evidence to support the hearing officer's findings that petitioner failed to sustain his burden of proof and that petitioner's injury did not arise out of or in the course of his employment.

A.R.S. § 23–1021, subsec. A provides that an employee who is injured by an accident "arising out of and in the course of his employment", unless self-inflicted, shall be entitled to receive compensation. In Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624 (1947), cited as authority by all parties, our Supreme Court defined "arising out of" and "in the course of employment" as follows:

> " 'The expressions "arising out of" and "in the course of" the employment are not synonymous; but the words "arising out of" are construed to refer to the origin or cause of the injury, and the words "in the course of" to refer to the time, place, and circumstances under which it occurred. An injury which occurs in the course of the employment will ordinarily, but not necessarily, arise out of it, while an injury arising out of an employment almost necessarily occurs in the course of it.' 71 C.J. 644." (65 Ariz. at 383, 181 P.2d at 626).

In Goodyear the court was concerned particularly with the question whether the injury arose out of claimant's employment and they stated as a test the following:

> " 'In order that an injury may be said to have arisen out of the employment, it

must have been the rational consequence of, or have had its origin in, a risk inherent in, or connected with or reasonably incident to, the employment, flowing therefrom as a natural consequence. In other words, the act being performed by the Workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto.' 71 C.J. 651, 652. See, also, Caswell's Case, 305 Mass. 500, 26 N.E.2d 328; Goodyear Aircraft Corp. v. Industrial Comm., 62 Ariz. 398, 158 P.2d 511." (65 Ariz. at 383, 181 P.2d at 626).

The burden of proving both of these elements: "arising out of" and "in the course of", is on the petitioner. Harrington v. Industrial Commission, 84 Ariz. 356, 328 P.2d 311 (1958); Continental Casualty Co. v. Industrial Commission, 15 Ariz.App. 565, 489 P.2d 1267 (1971). In addition, petitioner has the burden of proving the causal relationship between his employment and his injury. Hazlett v. Industrial Commission, 16 Ariz.App. 228, 492 P.2d 724 (1972); Preuss v. Industrial Commission, 15 Ariz.App. 515, 489 P.2d 1217 (1971). *See also* Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 404, 405, 158 P.2d 511 (1945).

The record here shows that the petitioner presented no evidence whatsoever concerning *his reason* and justification for being at the place where he was injured. It was his burden to prove that he was in the new construction site as a "rational consequence of, or have had its origins in, a risk inherent in, or connected with or reasonably incident to, the employment, flowing therefrom as a natural consequence" and he didn't do it. He certainly was not there on his employer's business. We agree with Justice Udall's statement in Gaumer v. Industrial Commission, 94 Ariz. 195, 382 P.2d 673 (1963) that where an injury is suffered by an employee while engaged in acts for his own purposes or benefits, other than acts necessary for his personal comfort and convenience while at

work, such injury is not in the course of his employment. Petitioner's citation of cases relying on the "personal comfort rule" are inapposite.

We must therefore affirm the Commission's award.

Award affirmed.

JACOBSON, C. J., Division 1, and HAIRE, J., concur.