586 P.2d 1322

**GENERAL TRANSPORTATION, INC. and State Compensation Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**William L. Woratzeck, Respondent Employee.**

**No. 1 CA-IC 1790.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 5, 1978.

Rehearing Denied Nov. 22, 1978.

Review Denied Dec. 5, 1978.

Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Ely & Bettini by Stephen L. Weiss, Phoenix, for respondent employee.

## OPINION

DONOFRIO, Judge.

The question on review in this special action from an award of the Industrial Commission is whether the respondent employee left the authorized scope of his employment, and thus is not entitled to compensation, or if respondent employee merely violated an order relating to the manner in which respondent employee's work was to be accomplished and thus, is still entitled to compensation.

On July 19, 1976 respondent employee filed a claim for benefits under the Workmen's Compensation Act as a result of an injury he suffered on July 3, 1976. This

claim was denied by the carrier on August 23, 1976, and the employee filed a request for hearing on September, 1, 1976.

Two hearings were held, one on January 18, 1977 and the other on February 2, 1977. As a result of the hearings, respondent employee was awarded benefits.

The pertinent facts are:

Respondent employee was hired by the petitioner as a cross-country truck driver on June 10, 1976. He started on June 13, 1976, making various pickups and deliveries. Respondent employee remained on the road continuously without returning to Phoenix until July 2, 1976 when he was scheduled to bring a load of bricks from El Paso to Phoenix.

Respondent employee started his day on July 2, 1976, at 6:00 a. m. after having five or six hours of sleep. He was on his way to El Paso, Texas with a load of lumber he had picked up in Fredonia, Arizona. Respondent employee made his daily call-in to the petitioner's dispatcher from Mesquite, New Mexico. Respondent employee was directed to take his load in to El Paso and then call back to receive instructions on where to pick up his load of bricks.

Respondent employee delivered his lumber load, called petitioner for directions, picked up his brick load, and then had it weighed. Respondent employee again called petitioner for instructions.

A conflict in the evidence occurs as to what the exact instructions were to respondent employee for his next activity. Respondent employee testified that Norman Brown told him to "Bring the truck on into town [Phoenix]. I needed it yesterday." On the other hand, Brown testified that he told respondent employee, "that he had until Monday morning to get it there, and to get him some rest."

Additionally, there was testimony elicited from respondent employee that he had some personal plans for the 4th of July weekend if he returned in time to the Phoenix area.

Respondent employee left El Paso in the early afternoon of July 2, 1976 on his way

to Phoenix. At approximately 9:00 p. m. he took an unauthorized detour off Interstate 10 and went into Casa Grande. Respondent employee stopped at Bob's Recreation Hall. Between the hours of 9:00 p. m. and 11:00 p. m. he testified that he drank two beers and took a Marax pill for asthma.

Respondent employee further testified that at 11:00 p. m. he crawled into the sleeping compartment of his cab and tried to sleep. After an hour of not being able to sleep he started out toward Phoenix. Approximately 45 minutes later he was involved in a one-vehicle accident on his authorized route, Interstate 10.

Respondent employee was taken to Desert Samaritan Hospital for treatment. A routine blood test was run and the results were introduced at the hearing before the Industrial Commission. There was a tremendous amount of controversy at the hearing on the blood test and the significance that could be attached to it in regards to a blood-alcohol reading. The hearing officer found that respondent employee was not so intoxicated as to have abandoned his employment and no issue was raised here that employee was so intoxicated as to have abandoned his employment.

The hearing officer found that the respondent employee had suffered a compensable claim under the Workmen's Compensation Act and thus awarded benefits. Upon review the hearing officer affirmed his prior award and we now are called upon to review the award.

After a careful examination and review of this instant special action, we find that the facts presented here fall within our holding in *City Products Corporation v. Industrial Commission of Arizona*, 23 Ariz. App. 362, 533 P.2d 573 (1975) [Review denied 1975]. In *City Products, supra,* an employee was injured on a conveyor belt when his feet struck the door at the point the belt left the building to a loading dock.

The testimony in *City Products, supra,* was conflicting as to how the accident occurred. The employee testified that he climbed onto the belt in an attempt to cross it to do work on the other side, but was grabbed by two co-employees and held on the conveyor. On the other hand, a co-employee, one of those alleged to have held the injured employee, testified that he did not hold the injured employee, but that the injured employee just got on the belt and rode it to the door. It was uncontroverted that the employee was well aware of the company rule and had been reprimanded previously for violating the rule.

■ In *City Products, supra,* we recited certain portions of the Arizona Constitution and *Goodyear Aircraft Corporation, Arizona Division v. Gilbert,* 65 Ariz. 379, 181 P.2d 624 (1947). We find it helpful to again recite these portions before continuing our discussion:

"An employee is entitled to workmen's compensation if injured by an accident 'arising out of and in the course of [his] employment.' Ariz.Const. Art. 18, § 8; A.R.S. § 23–1021. 'The expressions "arising out of" and "in the course of" the employment are not synonymous; but the words "arising out of" are construed to refer to the origin or cause of the injury, and the words "in the course of" to refer to the time, place, and circumstances under which it occurred.' *Goodyear Aircraft Corporation v. Gilbert, supra,* 65 Ariz. at 383, 181 P.2d at 626; Accord *Rodriguez v. Industrial Commission of Arizona,* 20 Ariz.App. 148, 510 P.2d 1053 (1973)." 23 Ariz.App. at 364, 533 P.2d at 575.

■ Further, the Goodyear Aircraft case presented a test to determine if an injury is compensable when an employee has disobeyed an order of his employer and is subsequently injured. The Supreme Court has stated the test as follows:

"If the [employer's] rule relates only to the manner of accomplishing the work that the employee is directed to perform, a violation of such rule 'when he (the employee) adopts a forbidden method to accomplish an authorized result' usually does not destroy his right to compensation. But where, however, the rule is one limiting the scope, ambit, or sphere of work which the employee is authorized to do, such a violation forecloses the com-

pensability of an injury so sustained. * * but even in this instance, the violated rule must be one of which the employee is cognizant, and must be a rule that is in use, applicable to this employee, and enforced." 65 Ariz. at 383–384, 181 P.2d at 627.

 In the instant special action, we have an employer testifying that the injured employee violated a company rule and the specific instructions given to him prior to his injury, and an injured employee testifying that he merely followed the employer's instructions.

The hearing officer was not required to choose which specific version he felt was true because respondent's employee's injury would be compensable under either version. If the employee's version was chosen, then the injury would obviously be compensable under the Workmen's Compensation Act and no further discussion is required. However, if we follow the employer's version then the analysis must be directed to whether the employer's directions merely prohibited a method to accomplish an authorized result or to limit the scope of work which the employee was authorized to do.

The hearing officer found that the instructions the employer testified to having given the respondent employee relate to the manner of accomplishing the employee's work not to limiting the scope or ambit of the work authorized to be done by respondent employee. With this finding we must concur.

Respondent employee was a truck driver for petitioner and received an injury which arose from a source within, or because of a risk inherent, in his employment. At the time of the injury the respondent employee was on the most direct route, and the authorized route to Phoenix. Any deviation that the respondent employee had made in his return route was no longer of consequence as respondent employee had abandoned his detour and was on the proper route.

As we pointed out in *City Products Corporation v. Industrial Commission, supra,* the workmen's compensation law is not the proper vehicle to punish the employee for his failure to observe the employer's safety regulations when such regulations relate to the manner of accomplishing an authorized job.

For the above reasons we find that the hearing officer has correctly stated the law with regards to this instant action and has not abused his discretion in awarding respondent employee benefits. In accordance with our holding, we do not find it necessary to discuss the other issues raised by petitioner.

Award affirmed.

WREN, P. J., and SCHROEDER, J., concur.