139 Ariz. 135 (1984)
677 P.2d 298
BECHTEL POWER CORPORATION, Petitioner Employer, Industrial Indemnity Company, Petitioner Carrier,
v.
INDUSTRIAL COMMISSION OF ARIZONA, Respondent, Jeralyn Carbajal, Respondent Employee.
No. 1 CA-IC 2908.
Court of Appeals of Arizona, Division 1, Department D.
January 5, 1984.
*136 O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Donald L. Cross, and Brian C. Bond, Phoenix, for petitioner employer and petitioner carrier.
Sandra Day, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.
Gorey, Delaney & Melkonoff by Edgar M. Delaney, Phoenix, for respondent employee.
OPINION
GREER, Judge.
This is a Rule 10 special action review of a July 29, 1982, Industrial Commission award for a compensable claim. The issue is whether the means/ends misconduct rule was misapplied to this case. Because this rule was misapplied and the factual findings do not permit application of the correct rule, we set aside the award.
The respondent employee (claimant) worked as a welder for the petitioner employer (contractor), the principal contractor for Arizona Public Service Company (APS) on the Palo Verde Nuclear Generating Station. The contractor maintained a private access road traversing APS land from a public highway to the construction site. The perimeter of the construction site was fenced. There was an unmanned gate opened near the intersection of the access road and the highway. The road ran approximately two miles to a manned gate at the entrance to the unit one parking lot.
Signs were posted at the unmanned gate. A large one identified the project and restricted use of the access road to workers. A small sign restricted use of the road to traffic coming from the construction site between 3:00 and 4:00 P.M. Two or three other one way signs were posted at intervals along the road. The first construction shift ended and the second began at 3:30 P.M.
The claimant was working the second shift. On October 23, 1981, she was commuting to work along the access road. While rounding a curve on the right side of the road, she was hit head on by another car. Other workers using the road to reach the construction site reported the accident.
The claim for benefits was denied. At the hearing, the claimant, a co-employee, and security personnel for the contractor appeared. The claimant testified that she customarily commuted to work along the access road. Although an alternate route was available, it added ten to fifteen minutes to her commute. She denied ever noticing the one way signs. She admitted that on the day of the accident she was trying to avoid the first shift traffic rush and that she had seen two cars leave the construction site as she turned onto the access road.
The co-employee testified that he also had used the access road without noticing the one way signs. He knew other second *137 shift employees used the access road to reach the construction site.
The security personnel testified that the small one way signs were posted before the accident, but that larger signs were posted after the accident. They admitted that no effort was made to enforce the one way restriction, either by directive or by patrolling the access road. They denied knowing that second shift employees used the access road after 3:00 P.M.
The administrative law judge issued the award for a compensable claim. He found that the accident occurred on the contractor's premises while the claimant was commuting to work on her "customary daily route." He also found that a "customary practice (established by informal company rule)" restricted use of the access road between 3:00 and 4:00 P.M. He concluded, however, that because this practice regulated the means of accomplishing a permitted end, the claimant was within the course of her employment despite her misconduct. The award was affirmed on administrative review, and this special action followed.
On appeal, the petitioners contend that the means/ends misconduct rule was misapplied to this case. We agree.
The means/ends misconduct rule applies to regulations of work performance only. (1A A. Larson, Workmen's Compensation Law §§ 30.21, 31.00 (1982)). This rule distinguishes regulations of the means of accomplishing work from regulations of the ultimate work to be performed. Because the misconduct is directly related to the employment, it interrupts the course of employment only if the end itself is prohibited. See Schroeder v. Industrial Commission of Arizona, 132 Ariz. 455, 646 P.2d 886 (App. 1982).
A different rule applies to incidental activity. Because of the attenuated connection to the employment, the means/end distinction is inapplicable. Compare Rodriguez v. Industrial Commission, 20 Ariz. App. 148, 510 P.2d 1053 (1973) (course of employment interrupted when employee took unauthorized and perilous route while on personal comfort errand) with Schroeder v. Industrial Commission, 132 Ariz. at 455, 646 P.2d at 866 (course of employment not interrupted when employee used unauthorized and dangerous means of transportation between work areas); accord 1A A. Larson, supra, § 31.00.
This analysis applies to going and coming. Because this is also incidental activity, the means/ends distinction is inapplicable to regulations of routes or methods of going to or coming from work. Id. at § 31.13. Furthermore, this misconduct analysis presupposes that the accident occurred on the premises. If it did not, the going and coming rule itself excludes compensability. Id. at § 15.
In the present case, the accident occurred on the contractor's premises while the claimant was going to work. The means/ends rule, therefore, was misapplied.
What then is the correct rule? Employee fault is irrelevant. Id. at § 30.00. Misconduct affects compensability only if it interrupts the course of employment. Id. at §§ 30.00, 30.21. Circumstances relevant to this assessment include: (1) whether the employee knew or should have known of the prohibition; (2) whether the prohibition was customarily observed or unobserved; (3) whether the employer knew or should have known of violations; (4) whether or not the employer took reasonable steps to enforce the prohibition; and, (5) whether the violation was unreasonably dangerous. See Northwestern Steel and Wire Co. v. Industrial Commission, 38 Ill.2d 441, 232 N.E.2d 293 (1967).
The misapplication of the means/ends rule would not itself require us to set aside the award. An award will be affirmed if it reaches the right result for the wrong reason. See Salt River Project v. Industrial Commission of Arizona, 126 Ariz. 196, 613 P.2d 860 (App. 1980). But in the present case, the factual findings are insufficient to permit application *138 of the correct rule to this case. For this reason, we must set aside the award.
KLEINSCHMIDT and JACOBSON, JJ., concur.