404 P.2d 419

Victor K. ROBERSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Graver Tank & Manufacturing Company, Respondents.

No. 8215.

Supreme Court of Arizona.

In Division.

July 16, 1965.

Hirsch, Van Slyke, Richter & Ollason, Tucson, for petitioner.

Twitty, Sievwright & Mills, Phoenix, for respondent Employer.

LOCKWOOD, Chief Justice:

The petitioner suffered an industrial injury on May 9, 1962 when he struck his back on a piece of iron while going through a door. He was working for respondent Graver in the capacity of an apprentice ironworker at Missile Site No. 9.

On May 3, 1963, the Commission made a Finding and Order, and on May 6, 1963, made a Final Finding and Award, finding the petitioner sustained a personal injury by accident arising out of and in the course of his employment but that he was not disabled in excess of seven days after the accident and had no permanent disability as a result of the injury. It awarded petitioner accident benefits but no compensation.

On May 24, 1963, this order was protested by petitioner, and on June 12, 1963 he filed a Petition for Rehearing. This petition was denied by the Commission on June 26, 1963 on the grounds that it failed to state sufficient grounds for a rehearing and raised no new issues.

The latter order was protested on July 9, 1963 and a Petition for Rehearing timely filed by petitioner followed. A rehearing was granted and held on October 2, 1963 in Tucson, Arizona.

Subsequent thereto, on November 19, 1963 the Commission rendered its Decision Upon Rehearing affirming its decision of May 6, 1963. A further Petition and Application for Rehearing was filed by petitioner and denied. The November 19, 1963 award was reaffirmed and the petitioner given thirty days in which to apply to this Court for a Writ of Certiorari. Application therefor was timely made and a Writ of Certiorari to the Industrial Commission of Arizona was duly issued out of this Court.

Although on May 9, 1962, petitioner injured his back in the course of his employment he returned to Site 9 on May 10, 1962. Petitioner saw a doctor the following day, May 10th, when he was taken by his Union Steward to St. Mary's Hospital where x-rays were taken. Further x-rays were taken at Tucson General Hospital on May 12, 1962. Petitioner filed his original claim for compensation on June 19, 1962. Because of his back injury he was unable to resume work as a steel worker apprentice. Respondent's superintendent permitted petitioner to stay in the tool shed and attend the coffee pot, where petitioner could lie down if necessary, at the same wages theretofore paid him. Petitioner continued to attend the coffee pot until May 20, 1962, and was carried on the company payroll to that date. The superintendent informed petitioner that he was getting ready to change the work site and if petitioner wanted to, he could go to the new site, but it would be better for

the petitioner if he did not move to the new site and if the petitioner went "on compensation." The evidence does not support respondent's argument that petitioner was laid off because the work force was reduced.

The petitioner testified that his back was injured and he suffered pain and could not work until September 1, 1962. He testified that on that date he went to work because financially it was necessary and he prevailed upon his doctor to give him a release to go back to work. He claims he is entitled to compensation for the period from May 20th to September 1, 1962.

The petitioner was sent to a Dr. Rawson on July 23, 1962, for orthopedic examination. At the hearing before the Commission on October 2, 1963 Dr. Rawson remembered very little with relation to the petitioner's condition. He testified that the x-rays taken of petitioner's back on May 9, 1962 indicated injury in the lumbar area of the spine. He further testified that there was tenderness in the petitioner's back.

A.R.S. § 23–1062 reads as follows:

"Compensation, except accident benefits, shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury."

The respondents argue that petitioner, although unable to work at his regular employment, was permitted to attend a coffee pot at his regular wages from May 6th to May 20th, and therefore petitioner is not entitled to any compensation after May 20th. The respondents paid petitioner no compensation after May 20th.

If in fact petitioner was unable to work from May 20th to September 1st he is entitled to receive compensation from the date of his injury until he returned to some regular work other than the stop-gap task of tending the coffee pot.

The petitioner was incapacitated for more than seven days and had he known during the first seven days what he knew after May 20th, a valid claim could have been made.

"We are, however, of the opinion that the seven-day statute applies only when one has suffered a patently compensable injury and should not be interpreted to deprive an employee of compensation for injuries when neither the injured employee, nor his employer in the exercise of reasonable diligence considers the accident as resulting in a compensable injury or to be so trivial as not to justify reporting to the commission." English v. Industrial Commission, 73 Ariz. 86, 237 P.2d 815.

He should be paid compensation less the amount he was paid while attending the coffee pot, from the time he was injured until the time he was able to return to regular employment on September 1st.

The award is set aside.

UDALL and McFARLAND, JJ., concur.