WESTERN SURETY CO., Respondent v. MYDLAND et al., Appellants

(179 N.W.2d 3)

(File No. 10729. Opinion filed July 29, 1970)

C. J. Kelly, Asst. Atty. Gen., Pierre, for defendants and appellants.

Kirby, McDonnell & Kirby, Gene McDonnell, Sioux Falls, for plaintiff and respondent.

HOMEYER, Judge.

In a stipulated case plaintiff seeks a declaration of the extent of its liability under a workmen's compensation policy.

The question for decision is whether the "waiting period" under the statute before compensaton becomes payable for disability is seven working days or seven calendar days.

SDCL 62-4-2 as amended provides:

"Except as otherwise provided in this section, no compensation shall be paid for an injury which does not incapacitate the employee for a period of at least seven days from earning full wages. If such incapacity extends beyond the seven days, compensation shall begin on the eighth day after the injury except that if such disability continues for four weeks or longer such compensation shall be computed from the date of the injury."

Defendants contend the provision that compensation shall begin on the eighth day after the injury means the eighth calendar day. On the other hand, plaintiff maintains, and the trial court agreed, the statute shows the legislature intended seven working days of incapacity to intervene between the injury and when compensation becomes payable unless the disability continues for four weeks or longer in which event compensation is paid from the date of the injury.

There appears to be a paucity of precedent on the question presented. Relatively few cases have reached the courts on the waiting period. This may be because the amount involved is usually quite small. Also, explicit language used in most Workmen's Compensation Acts prescribing the necessary waiting period generally makes interpretation unnecessary.

Schneider in his text on Workmen's Compensation, Permanent Edition, Vol. 11, § 2320, p. 553, says the purpose of the waiting period in workmen's compensation legislation is "to prevent workmen, who are so inclined from taking advantage of a slight or imaginary strain, as an excuse for obtaining a few days vacation on half or two-thirds pay."

The purpose of a statute is to be gathered from the whole act, State v. Douglas, 70 S.D. 203, 16 N.W.2d 489,

and where a word or term is susceptible to two constructions, a meaning should be ascribed which carries out the purpose of the act. The main object sought in the construction of a statute is to ascertain and give effect to the intention of the lawmakers as expressed therein. Schlim v. Gau, 80 S.D. 403, 125 N.W.2d 174; Watertown Ind. Sch. Dist. No. 1 of Codington County v. Thyen, 83 S.D. 309, 159 N.W.2d 122. When the statute in question is considered with other parts of the Act, it is our opinion the legislature intended seven working days and not seven calendar days to elapse from the date of the injury before compensation becomes payable except as otherwise provided in the quoted statute.

"Earnings" is defined as the amount of compensation for the number of hours commonly regarded as a day's work for the employment in which the employee was engaged at the time of his injury. SDCL 62-1-1(3). "Average weekly wages" is defined as the earnings of the employee computed under a statutory formula. SDCL 62-1-1(1). A "working week" for the purpose of determining the average weekly wage, is deemed to be the number of days contemplated by the employment to be worked during each calendar week. SDCL 62-4-31. In ascertaining the "average weekly wage", days is clearly meant to be "working days" in computing the benefits to which an employee is entitled. SDCL 62-4-24.

In analyzing the statutes the trial court reasoned, and we concur as follows:

"Thus in the extreme example of the employee who is employed only one day in each calendar week the seven day waiting period provided by Section 62-4-2 is not seven weeks because of the exception 'that if such disability continues for four weeks or longer such compensation shall be computed from the date of the injury.' Under this exception if an injured employee is incapacitated and unable to work for the day or days of the calendar week on which it is contemplated by the employment that he shall work, then a working week has passed and his disability for work in that week must be assumed to continue for the calendar week in which he was un-

able to perform the work on the days of that calendar week as contemplated by his contract of employment. Thus construed there is no inconsistency in the waiting period statute.

"The attorney general would read into the waiting period statute the term 'seven calendar days' for 'seven days' and disregard the force of the other provisions of the first sentence which reads, 'Except as otherwise provided in this section, no compensation shall be paid for an injury which does not incapacitate the employee for a period of at least seven days from earning full wages.' Of course, standing alone out of context and without reference to the qualifying language, 'days' means calendar days. But under the compensation law generally and this section of the law we are concerned with the period or days when an employee is incapacitated and is unable to work and earn full wages. To construe 'seven days' in this context to mean 'seven calendar days' would be to ignore the words 'from earning full wages'. 'Seven days' as used in the statute means the period of seven days during which the employee not only is incapacitated but also because of such incapacity is not earning full wages. These are days which are a part of the 'working week' defined by statutes 'as the number of days contemplated by the employment to be worked by the employee during the calendar week.' The waiting period of seven days provided by the statute is seven working and earning days."

In Phoenix Hosiery Co. v. Buzek, 207 Wis. 597, 242 N.W. 135, the Wisconsin court in construing their statutes involving the waiting period came to the same conclusion. The court wrote:

"The first and shorter period is not to be compensated for unless the disability continues to the end of the second or longer period. If the disability so continues, the first period is to be recaptured and compensation given. Hence, the waiting period is in

reality the longer period, * * *. This period measures the contingency upon which compensation for the shorter period depends, and establishes the time when such compensation becomes due, if at all. It furnishes the principal obstruction to malingering, and the standard by which the seriousness of the injury may be determined. The shorter period is one for which compensation is given or withheld, according to the length of the disability. Hence, we think the statute, when it deals with the shorter period, means to refer to days which, except for the contingency necessary to carry out the general purposes of the section, would be compensable. While it is true that 'day' ordinarily means calendar day, we think the sentence construction of the section, taken in connection with its purpose and method, indicates that compensable day is meant."

■ Defendants have cited no precedent which persuades us to a contrary result. Although we have many times said the Workmen's Compensation Act as a remedial act is entitled to a liberal construction; nevertheless, it should be construed to effectuate its purpose and not otherwise.

Affirmed.

All the Judges concur.