510 P.2d 47

Doral H. SHAW dba A–1 Cooler Pad Company, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Anna M. Parker, Respondent Employee.

No. 10871–PR.

Supreme Court of Arizona,
In Banc.

May 23, 1973.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Charles M. Brewer, Ltd. by Charles M. Brewer, and James D. Lester, Phoenix, for respondent employee.

Robert K. Park, Chief Counsel, State Compensation Fund by James B. Long, Phoenix, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Donald L. Cross, Phoenix, Jennings, Strouss & Salmon, by William R. Jones, Jr., Phoenix, amici curiae.

STRUCKMEYER, Justice.

This is a petition by Doral H. Shaw dba A-1 Cooler Pad Company and the Industrial Commission of Arizona for review of two opinions of the Court of Appeals, the first, 15 Ariz.App. 573, 490 P.2d 18 (1971), setting aside an award of the Industrial Commission, and the second, 17 Ariz.App. 37, 495 P.2d 477 (1972), an opinion supplemental thereto. Both opinions are ordered vacated and the award of the Industrial Commission affirmed.

Respondent, Anna M. Parker, an employee of Doral Shaw, a manufacturer of excelsior pads for evaporative coolers, sustained an industrial-related injury on May 6, 1968. She had been employed by Shaw for a number of years, working approximately six months out of each year. The Industrial Commission on June 2, 1970, in its decision upon rehearing, made interim findings and an award. It found that as a result of the accident the respondent required back surgery, which was performed on October 10, 1969, that, because of a blood transfusion administered during the back surgery, petitioner contracted hepatitis, and that she was entitled to compensation for temporary total disability and for temporary partial disability. It further found that respondent's condition was not yet stationary and that her average monthly wage at the time of injury was $200.00, the statutory minimum. The Commission awarded compensation for both temporary total disability and for temporary partial disability, the latter from May 14, 1968 through October 9, 1969, and from February 9, 1970 until such time that the condition became stationary, and the former from October 10, 1969 through February 8, 1970.

■ Petitioner urges that since respondent only worked six months in a year she "could only suffer a disability for work for six months out of a year," and that, therefore, the payment of all disability benefits should be limited to six months out of a year. We reject petitioner's position and hold that respondent must be compensated for both temporary total disability and temporary partial disability for the length of time that such disabilities exist for the reason that the statutes of the State of Arizona so provide.

A.R.S. § 23-1044, subsec. A requires that compensation for temporary partial disability "shall be paid during the period thereof." A.R.S. § 23-1045, subsec. A provides that compensation for temporary total disability "shall be paid during the period of disability, not to exceed one hundred months." By statute, therefore, respondent must be paid for temporary partial disability for as long as the disability exists and for temporary total disability for as long as it exists but not to exceed one hundred months.

It is true, as petitioner says, respondent only worked six months out of the year, but we do not agree that the award provides benefits on a yearly basis. The award determined respondent's average monthly wage based upon her yearly earnings. It then awarded benefits as the statutes require upon the basis of temporary partial disability and temporary total disability for such time as such disabilities existed. Petitioner's reliance upon Powell v. Industrial Commission, 104 Ariz. 257, 451 P.2d 37 (1969) is misplaced. That case deals with how the average monthly

wage must be computed and not with the period of time over which compensation must be paid.

Since petitioner does not challenge the computation by the Commission of respondent's average monthly wage, we do not address ourself to any problem which may seem inherent in the award in that respect. General Motors Acceptance Corp. v. Kennison, 44 Ariz. 355, 37 P.2d 371 (1934); nor may amici curiae enlarge the issues from those presented by the litigants. Phoenix v. Phoenix Civic Aud. & Con. Cent. Ass'n, 99 Ariz. 270, 274, 408 P. 2d 818, 821 (1965), rehearing denied, 100 Ariz. 101, 412 P.2d 43 (1966).

Award of the Industrial Commission affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.