862 P.2d 886

**Pete R. TARTAGLIA, Jr.,**
**Petitioner/Employee,**

**v.**

**The INDUSTRIAL COMMISSION**
**OF ARIZONA, Respondent,**

**Blue Circle West, Inc.,**
**Respondent/Employer,**

**National Union Fire Insurance**
**Company, Respondent/Carrier.**

**No. 2 CA–IC 91–0037.**

Court of Appeals of Arizona,
Division 2, Department B.

March 9, 1993.

Review Granted on Issue 1 and
Denied on other Issues Nov. 30, 1993.

**514**

Tretschok, McNamara & Clymer, P.C. by Jeffery L. Patten, Tucson, for petitioner/employee.

The Indus. Com'n by Anita R. Valainis, Chief Counsel, Phoenix, for respondent.

Bury, Moeller, Humphrey & O'Meara by J. Michael Moeller, Tucson, for respondent/employer and carrier.

## OPINION

HATHAWAY, Judge.

Petitioner/employee Pete Tartaglia seeks review of the Administrative Law Judge's (ALJ) decision that he had not been incapacitated for a period of time sufficient to meet the threshold requirement of A.R.S. § 23–1062(B).

Petitioner, a truck driver, suffered an industrial injury to his right eye on July 2, 1990. He was treated that evening at a hospital emergency room. On July 3, he was seen by an ophthalmologist who placed him in a non-work status. On July 10, the doctor released petitioner to return to work with the restriction that he not drive. On August 7, petitioner was released by the doctor to resume driving. From July 10 to August 7, petitioner was assigned to modified duty by his employer. Petitioner testified that because of a prior industrial injury to his back, he could only work 10–12 hours a week. Petitioner sought temporary total disability benefits from July 2 to July 10, and temporary partial disability benefits from July 10 to August 7. The ALJ granted medical benefits, but denied disability benefits. We affirm the award.

■ In reviewing an award of the Industrial Commission, we view the record in the light most favorable to sustaining the award. *University of Arizona v. Industrial Comm'n*, 136 Ariz. 365, 666 P.2d 465 (1983). We will also affirm an award if it reaches the correct result for the wrong reason. *Bechtel Power Corp. v. Industrial Comm'n*, 139 Ariz. 135, 677 P.2d 298 (App.1984).

The ALJ found that petitioner had not established that he had missed in excess of two weeks of work due to his injury and was therefore not entitled to temporary disability compensation. Petitioner argues that the ALJ applied the wrong standard; the correct threshold is missing seven days from work. A.R.S. § 23–1062(B) provides, in pertinent part:

> Compensation shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury.

Appellant is correct in his assertion that the first issue to be resolved is whether an injured worker has missed more than seven days from his job. The statute expressly provides that no compensation is to be paid "for the first seven days after the injury." The question then is whether petitioner was away from his work for more than seven days. He was injured on July 2, 1990, a Monday. His doctor released him to work on July 10, a Tuesday. Petitioner argues that he was absent from his job for nine days.

■ We disagree with petitioner in two respects. We do not believe that the day the injury occurs is counted. The statute clearly states, "Compensation shall not be paid for the first seven days *after* the injury." (Emphasis added.) The clear language of a statute is given its usual meaning unless impossible or absurd consequences would result. *In re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985). The day of injury is to be excluded from the compensation.

Petitioner argues that even granting this reading of the statute, he was absent from work for eight days. This brings us to our second, more important difference with petitioner. The issue is whether the seven days mentioned in the statute refers to calendar days or working days. If working days are contemplated, petitioner was only absent from work on Tuesday, July 3, Thursday, July 5, Friday, July 6, Monday July 9 and Tuesday, July 10, a total of five days.

The issue of whether the statute refers to calendar days or working days has not been addressed in Arizona. Other jurisdictions which have discussed this question have come to different results. In *Western Surety Co. v. Mydland*, 85 S.D. 172, 179 N.W.2d 3 (1970), the court held that seven working days was the threshold. In *Ice v. Industrial Comm'n*, 120 Colo. 144, 207 P.2d 963 (1949), the court held that the ten-day threshold in the statute meant calendar days.

Giving the words and phrases of A.R.S. § 23–1062(B) their ordinary meaning, *State v. Wise*, 137 Ariz. 468, 671 P.2d 909 (1983), we believe the first seven-day period a worker is absent from work means seven working days. In the statute, the legislature clearly stated that, after the first seven days have passed, "one week" must pass before compensation is paid from the date of the injury. A week is defined as "a period of seven consecutive days." Black's Law Dictionary at 1594 (6th ed. 1990). If the legislature had meant the first seven-day period to be calendar days, it would have said, "Compensation shall not be paid for the first week of the injury." It did not, even though it used the term "week" in the latter part of the statute. We must interpret a statute to give effect to the intent of the legislature. *Mardian Const. Co. v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976). The legislature must have had a reason for using "seven days" in one part of the statute and "one week" in another. We conclude that the reason for the different terminology is that "seven days" was intended to mean working days and not consecutive calendar days. *City of Phoenix v. Superior Court*, 139 Ariz. 175, 677 P.2d 1283 (1984). We are cognizant of the language in *County of Maricopa v. Industrial Comm'n*, 145 Ariz. 14, 18, 699 P.2d 389, 393 (App.1985), that "[t]he administrative law judge found that the waiting period consisted of consecutive calendar days following the day of injury." However, as the court acknowledged, whether the statute refers to working days or calendar days was not an issue in this case.

We recognize that the worker's compensation statutes are to be liberally construed. *Fremont Indem. Co. v. Industrial Comm'n*, 144 Ariz. 339, 697 P.2d 1089 (1985). However, when the language used by the legislature is clear, the statutory language must be followed. *Jackson v. Phoenixflight Productions*, 145 Ariz. 242, 700 P.2d 1342 (1985).

Petitioner presented no medical testimony to support his claim that his prior back injury prevented him from working full time from July 10 to August 7. The burden of proof on this issue was on petitioner. *Reynolds Metals Co. v. Industrial Comm'n*, 119 Ariz. 566, 582 P.2d 656 (App. 1978). Petitioner's physical condition and its causal relationship to the industrial injury to his back must be established by expert medical testimony. *Johnson–Manley Lumber v. Industrial Comm'n*, 159 Ariz. 10, 764 P.2d 745 (App.1988). Petitioner has failed to meet his burden.

The award is affirmed.

DRUKE, P.J., and FERNANDEZ, J., concur.