866 P.2d 867

**Pete R. TARTAGLIA, Jr., Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Blue Circle West, Inc., Respondent Employer,**

**National Union Fire Insurance Company, Respondent Carrier.**

No. CV–93–0204–PR.

Supreme Court of Arizona, En Banc.

Jan. 11, 1994.

Tretschok, McNamara & Clymer By Jeffrey L. Patten, Tucson, for appellant.

Anita R. Valainis, Chief Counsel, Phoenix, for Industrial Com'n of Arizona.

Bury, Moeller, Humphrey & O'Meara By J. Michael Moeller, Tucson, for Blue Circle West, Inc. and National Union Fire Ins. Co.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

This is an Industrial Commission case in which we granted, in part, the employee's petition to review a court of appeals' opinion affirming an award of the Administrative Law Judge (ALJ). *Tartaglia v. Industrial Comm'n,* 176 Ariz. 513, 862 P.2d 886 (App. 1993). The ALJ and the court of appeals held that the employee, Pete Tartaglia, was not entitled to certain worker's compensation benefits because he had not been incapacitated for a period of time sufficient to meet the threshold requirement of A.R.S. § 23–1062(B). In so holding, the court of appeals construed the "seven days" language in A.R.S. § 23–1062(B) to refer to the individual

employee's working days, as opposed to calendar days. Because this interpretation has a significant impact on the number of "no lost time" cases in the state, we granted review to determine the meaning of the statute. We hold that the seven-day waiting period in § 23–1062(B) refers to calendar days and not to working days.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 1990, the employee suffered an industrial injury to his right eye while employed as a truck driver for Blue Circle West. On July 3, an ophthalmologist placed the employee on non-work status and, on July 10, the doctor released him to return to work on a limited basis.[1] The insurance carrier denied the employee's claim for temporary total disability benefits. The ALJ found that the denial was proper because the employee had failed to prove that he missed in excess of two weeks of work as a result of his injury.

On appeal, the employee argued that the ALJ applied an incorrect standard in construing A.R.S. § 23–1062(B) to require that he miss in excess of two weeks of work to be entitled to compensation. He argued that the correct threshold under § 23–1062(B) is "seven days." The court of appeals agreed that the correct threshold is "seven days," but nevertheless affirmed the ALJ's award because it found that the employee had not missed seven *working* days. 176 Ariz. at 515, 862 P.2d at 888. Under the court of appeals' calculation, during the period of total disability, the employee was absent from work five days. We granted review limited to the single issue concerning the proper method of calculating the "seven days."

---

1. Before the ALJ and the court of appeals, the employee argued for partial disability benefits extending until August 7, 1990, the date he was released to full duty status. This claim was denied and is not before us for review.

## ISSUE

Whether the "seven days" language of A.R.S. § 23–1062(B) refers to working days or calendar days.

## DISCUSSION

A.R.S. § 23–1062(B) provides, in pertinent part:

> Compensation shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury.

We agree with the court of appeals that the correct threshold for entitlement to compensation is seven days.[2] The issue of whether the statute refers to calendar days or working days, however, has not been directly addressed in any Arizona appellate decision. In *County of Maricopa v. Industrial Comm'n*, 145 Ariz. 14, 18, 699 P.2d 389, 393 (App.1985), the court noted that "[t]he administrative law judge found that the waiting period consisted of consecutive calendar days following the day of injury," but the court acknowledged that this issue was not before it on appeal.

Other jurisdictions that have interpreted somewhat similar provisions have reached varying results. Compare *Wright v. Rhode Island Superior Court*, 535 A.2d 318 (R.I. 1988) (three day waiting period requires that an employee miss three "consecutive work days") and *Western Surety Co. v. Mydland*, 85 S.D. 172, 179 N.W.2d 3 (1970) (seven day waiting period refers to working days) with *Ice v. Industrial Comm'n*, 120 Colo. 144, 207 P.2d 963 (1949) (ten-day threshold refers to calendar days). Unfortunately, none of these opinions is particularly helpful here. The statutes at issue in *Mydland* and *Wright* contain language which is significantly differ-

---

2. The court of appeals also held that the date of injury should not be counted as one of the seven days, a ruling not challenged here. The court of appeals did not reach the insurer's argument that the date of release to work should not be counted, nor do we, because it is not included in the issue we accepted for review.

ent from that in the Arizona statute. The statutory language in those cases required that an employee be incapacitated "from earning full wages" during the waiting period. *Wright*, 535 A.2d at 321 n. 1; *Mydland*, 179 N.W.2d at 4. In *Ice*, although the court appeared to have interpreted a statute similar to ours, the construction of the statute was not at issue. The leading treatise in this field also fails to give us any definitive guidance on the question under consideration. *See* 1C Arthur Larson, *The Law of Workmen's Compensation* § 57.12(f) (1993) (noting only that some courts have held that the waiting period refers to working days; citing *Mydland, supra,* and *Wright, supra*).

 Worker's compensation statutes are to be liberally construed so as to effectuate their remedial purpose. *Fremont Indem. Co. v. Industrial Comm'n,* 144 Ariz. 339, 345, 697 P.2d 1089, 1095 (1985). The terms "incapacity" and "disability" in A.R.S. § 23–1062(B) refer to loss in earning capacity, as opposed to loss of actual earnings. *County of Maricopa v. Industrial Comm'n,* 145 Ariz. 14, 18–19, 699 P.2d 389, 393–94 (App.1985). We believe, therefore, that "seven days" should mean seven calendar days for, although an employee may be working only one or two days a week, his *capacity* to earn is reduced not only on work days, but also on each calendar day. Any benefits the employee would receive would, of course, reflect his actual work schedule.

That the legislature used the term "one week" elsewhere in § 23–1062(B) to describe a waiting period does not persuade us—as it did the court of appeals—that "seven days" refers to working days instead of calendar days. The legislature may have used "one week" later in the statute simply because using "seven days" twice in the same sentence might be confusingly redundant (i.e., "if the disability continues for [seven days] beyond such seven days . . . ."). The court of appeals correctly noted that if the legislature had meant calendar days, it could have used the term "one week." It is also true, however, that if the legislature had meant "working days" it could have used "seven *working* days" or language similar to that in the Rhode Island and South Dakota statutes discussed in the *Wright* and *Mydland* cases. The most ordinary meaning of the phrase "seven days" is "one week." Absent some

indication that the legislature intended otherwise, we utilize the principle that statutory words and phrases should be given their ordinary meaning. *State v. Wise,* 137 Ariz. 468, 671 P.2d 909 (1983).

## DISPOSITION

Because we hold that the "seven days" language in A.R.S. § 23–1062(B) refers to calendar days as opposed to working days, we vacate the court of appeals' opinion, set aside the award of the ALJ, and remand.