317 P.3d 654

Linda BELL, Petitioner

v.

The **INDUSTRIAL COMMISSION OF ARIZONA**, Respondent

Maricopa County, Respondent Employer

**Pinnacle Risk Management, Respondent Carrier.**

**No. 1 CA–IC 12–0048.**

Court of Appeals of Arizona, Division 1.

Jan. 30, 2014.

Fendon Law Office, P.C. By Matt Fendon, Janell Youtsey, Phoenix, Counsel for Petitioner.

The Industrial Commission of Arizona By Andrew F. Wade, Phoenix, Counsel for Respondent.

Jardine, Baker, Hickman & Houston, P.L.L.C. By Scott H. Houston, Phoenix, Counsel for Respondent Employer and Respondent Carrier.

Judge JOHN C. GEMMILL delivered the opinion of the Court, in which Presiding Judge JON W. THOMPSON and Judge DONN KESSLER joined.

## OPINION

GEMMILL, Judge.

¶ 1 This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review denying temporary partial disability benefits to petitioner Linda Bell. The issue presented is whether the "waiting period" established by Arizona Revised Statutes ("A.R.S.") section 23–1062(B) has been satisfied. We conclude that the law and the record support the decision of the administrative law judge ("ALJ") that Bell did not satisfy the waiting period. We therefore affirm the award and decision upon review.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On February 24, 2010, Bell was injured at her job at the Maricopa County Public Defender's Office when a maintenance employee working on a light fixture received an electric shock and fell on her. The accident injured Bell's neck, right shoulder, back, both knees, and the back of her head. Bell returned to work the next day, and her supervisor sent her to seek medical attention. The doctor diagnosed her with sprains and strains, telling her to seek physical therapy and return to work. She was not placed on no-work status at that time.

¶ 3 On various occasions from February 25, 2010, through July 7, 2011, Bell missed work to attend medical appointments and receive treatment for her injuries. To avoid loss of income, Bell used accumulated sick leave and vacation time.[1] She testified that the sum of all the time she lost from work would be substantially more than seven days' worth of time. On July 8, 2011, Bell required surgery on her right shoulder and was placed on no-work status at that point.

¶ 4 In 2012, Bell requested a hearing on the issue of her entitlement to temporary partial disability benefits for the period of February 25, 2010, through July 7, 2011, as repayment for the sick leave and vacation time she lost due to medical treatment. She made this request under A.R.S. § 23–

1061(J), which requires the ICA to "investigate and review any claim in which it appears to the [ICA] that the claimant has not been granted the benefits to which such claimant is entitled."

¶ 5 After an evidentiary hearing, the ALJ issued a decision upon hearing and findings and award, denying Bell's request for temporary partial disability benefits. The ALJ found that "[a]pplicant has not submitted any medical evidence to show that she was taken off work during the time period for which temporary compensation benefits are requested. She testified that she did not miss any period of time over one week." The ALJ also stated that A.R.S. § 23–1062(B) "provides that unless the employee's injury causes total disability for more than seven days, no compensation is payable."

¶ 6 Bell sought administrative review of the award, and in August 2012, the ALJ issued a decision upon review affirming the award. Bell now seeks appellate review of the ALJ's award and decision upon review. We have jurisdiction under A.R.S. §§ 12–120.21(A)(2) (2003) and 23–951(A) (2012) and Arizona Rule of Procedure for Special Actions 10.

## ANALYSIS

¶ 7 This court deferentially reviews factual findings of the ICA, but independently reviews its legal conclusions. *Kwietkauski v. Indus. Comm'n*, 231 Ariz. 168, 170, ¶ 9, 291 P.3d 365, 367 (App.2012); *Special Fund Div. /No Ins. Section v. Indus. Comm'n*, 226 Ariz. 498, 500, ¶ 10, 250 P.3d 564, 566 (App.2011).

¶ 8 The issue is whether Bell is entitled to temporary partial disability benefits. The parties agree that the applicable statute is A.R.S. § 23–1062(B), which establishes a "waiting period" that must be satisfied before a claimant is entitled to compensation benefits. For the purpose of resolving this appeal and without deciding the issue, we accept the parties' position that § 23–1062(B) is the controlling statute applicable to Bell's

---

1. This court has previously held that an injured worker's use of accumulated sick leave does not impair her right to receive temporary partial

disability benefits. *Maricopa Cnty. v. Indus. Comm'n*, 145 Ariz. 14, 20, 699 P.2d 389, 395 (App.1985).

claim for temporary partial disability benefits.

¶ 9 Bell argues that the ALJ misinterpreted A.R.S. § 23–1062(B) in concluding that "unless the employee's injury causes total disability for more than seven days, no compensation is payable." She contends she is entitled to temporary partial disability benefits because she missed well over a week's worth of time during the period in question.[2] And she asserts that § 23–1062(B) does not require disability on *consecutive* working days. These arguments present two specific questions regarding § 23–1062(B):

1. Does the "waiting period" set forth in § 23–1062(B) for eligibility for compensation payments require a work week of temporary *total* disability?

2. Must the waiting period be satisfied by disability[3] on *consecutive* working days?

**Must the Waiting Period Be Satisfied By Temporary Total Disability?**

¶ 10 The ALJ concluded that A.R.S. § 23–1062(B) requires temporary total disability during the waiting period in order to qualify for compensation benefits. This subsection addresses "temporary total disability" but does not reference "partial disability":

The first installment of compensation is to be paid no later than the twenty-first day after written notification by the commission.... Thereafter, compensation shall be paid at least once each two weeks during the period of *temporary total disability* and at least monthly thereafter. *Compensation shall not be paid for the first seven days after the injury. If the incapacity* extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury.

A.R.S. § 23–1062(B) (emphasis added). Because the language imposing the requisite waiting period follows closely after the reference to "temporary total disability," a plain and natural reading of this provision requires the waiting period to be satisfied by a work week of temporary total disability. *See Special Fund Div. v. Indus. Comm'n*, 224 Ariz. 29, 31 ¶¶ 7–8, 226 P.3d 398, 400 (App.2010) (the plain language of a statute is the most reliable indicator of its meaning); *Advanced Prop. Tax Liens, Inc. v. Sherman*, 227 Ariz. 528, 531, ¶ 14, 260 P.3d 1093, 1096 (App.2011) (we consider the language and sentence structure of a statute and use a "common sense approach, striving to interpret a statute to harmonize all its provisions") (quoting *Morgan v. Carillon Invs., Inc.*, 207 Ariz. 547, 549, ¶ 7, 88 P.3d 1159, 1161 (App.2004), *aff'd*, 210 Ariz. 187, 109 P.3d 82 (2005)).

¶ 11 In considering whether the waiting period established by A.R.S. § 23–1062(B) could be satisfied by temporary partial disability, we have also examined subsections (A) and (C) of § 23–1062 as well as the section title.[4] The absence of any reference in these provisions to partial disability further supports the conclusion that, assuming the statute applies to claims for temporary partial disability, the waiting period established by subsection (B) must be satisfied by a work week of temporary total disability.

¶ 12 For these reasons, we conclude that the waiting period created by A.R.S. § 23–

2. The Arizona Supreme Court has held that the "seven day waiting period" established by this statute refers to "calendar days as opposed to working days." *Tartaglia v. Indus. Comm'n*, 177 Ariz. 199, 200–01, 866 P.2d 867, 868–69 (1994). An injured worker who normally works five days a week will therefore satisfy the waiting period by demonstrating the requisite disability for five working days rather than seven working days. *Id.* For ease of reference, this opinion uses the phrase "work week" to mean an employee's usual number of working days per week.

3. Section 23–1062(B) uses the terms "disability" and "incapacity," both of which refer to loss in earning capacity. *See Tartaglia v. Indus. Comm'n*, 177 Ariz. 199, 201, 866 P.2d 867, 869 (1994); *Maricopa Cnty. v. Indus. Comm'n*, 145 Ariz. 14, 19, 699 P.2d 389, 394 (App.1985). For ease of reference, this opinion uses "disability."

4. Although statutory titles and section headings do not carry the force of law, we may consider them for guidance, with the understanding that the actual text of a statute is more important. *City of Phoenix v. Harnish*, 214 Ariz. 158, 163 n. 2, ¶ 20, 150 P.3d 245, 250 n. 2 (App.2006)

1062(B) must be satisfied by temporary total disability rather than temporary partial disability.

## Must the Waiting Period Be Satisfied By Disability on Consecutive Work Days?

¶ 13 Bell further contends that the waiting period under A.R.S. § 23–1062(B) does not need to be satisfied by disability on consecutive work days. It is sufficient, she contends, if the total time lost from work exceeds one week's worth of time. She points out that § 23–1062(B) does not explicitly provide that the initial disability must occur on "consecutive" work days, and she cites *Maricopa County v. Industrial Commission*, 145 Ariz. 14, 20, 699 P.2d 389, 395 (App.1985) for support.

¶ 14 Although A.R.S. § 23–1062(B) does not contain the word "consecutive," the text of the statute reveals that the disability must occur on consecutive work days. The language establishing the waiting period includes the following:

Compensation shall not be paid for *the first seven days after the injury.* If the incapacity extends beyond *the period of seven days* ...

A.R.S. § 23–1062(B) (emphasis added). Based on the phrases "the first seven days after the injury" and "the period of seven days," the waiting period cannot be satisfied by accumulating periodic time off from work over a period of several weeks or months. The phrase "the first seven days after the injury" provides an outer limit to the waiting period and the statute's use of the word "period" underscores that the seven days refers to one continuous segment of time. *See* The New Oxford American Dictionary 1265 (2d ed.2005) (noting "period" can mean "a length or portion of time"). Furthermore, requiring the disability on consecutive work days is consistent with our supreme court's interpretation in *Tartaglia* that "seven days"

means "one week," referring to the required waiting period. 177 Ariz. at 201, 866 P.2d at 869. We find no support in the language of § 23–1062(B) for the proposition that the waiting period of one work week may be satisfied by accumulating time missed from work over a period of several weeks or months.

¶ 15 Bell argues that *Maricopa County* supports her claim and authorizes injured workers to be compensated for time lost for medical appointments and treatment resulting from injuries suffered at work. In *Maricopa County,* this court affirmed an ICA award of compensation for time lost from work while attending medical appointments over approximately fourteen months. 145 Ariz. at 17–21, 699 P.2d at 392–96. But the seven-day threshold period of disability was not in question in *Maricopa County* and the court did not address the issues we are addressing here. The carrier in *Maricopa County* was challenging what it considered the "double recovery" of both sick leave pay and temporary partial disability benefits, claiming there was no loss of earning capacity. 145 Ariz. at 18, 699 P.2d at 393. The court specifically noted that "[t]he carrier does not raise the issue of whether the administrative law judge erred in finding claimant met the threshold seven-day disability requirement set forth in A.R.S. § 23–1062(B) or in finding that claimant proved a disability extending one week beyond the seven days." *Id.* at 18 n. 3, 699 P.2d at 393 n. 3.[5]

¶ 16 For these reasons, we conclude that the § 23–1062(B) waiting period must be satisfied by temporary total disability on consecutive working days.

¶ 17 Here, Bell testified that she did not recall whether she ever missed a full week of work but that she was seeking reimbursement for the sick leave and vacation time she had to use over the seventeen-month period. She explained that all of the time she missed

---

**5.** The *Maricopa County* court did not specifically address whether A.R.S. § 23–1062(B) applies to claims for temporary partial disability when the injured worker has not first experienced a period of temporary total disability. Perhaps in *Maricopa County,* as here, the parties agreed that A.R.S. § 23–1062(B) was applicable and controlling.

In this opinion, we do not address whether entitlement to temporary partial disability benefits under A.R.S. § 23–1044(A) requires a "waiting period" or whether such a waiting period, if required, may be satisfied by temporary partial disability instead of temporary total disability.

due to appointments equaled more than seven days, and she submitted into evidence a log of treatment time. Bell acknowledged, however, that the doctor who first evaluated her diagnosed sprains and strains told her to return to work. No evidence was presented that she was placed on no-work status during the period in question. On this record, the evidence supports the finding that Bell did not meet the threshold waiting period of temporary total disability.

¶ 18 Bell further contends that denying temporary partial disability benefits to her and others similarly situated places an "unfair burden" on Arizona's injured workers when they must bear the cost of their injuries by exhausting sick leave and vacation time for doctor's visits, treatment, and therapy. But our analysis necessarily focuses on the text of the statute, and our interpretation must be closely tethered to that text. *See*

*Advanced Prop. Tax Liens, Inc.*, 227 Ariz. at 531, ¶ 14, 260 P.3d at 1096. Bell's policy argument is better addressed to the Arizona Legislature than to us.

## CONCLUSION

¶ 19 The ALJ found that Bell did not satisfy the waiting period of A.R.S. § 23-1062(B). The evidence supports the factual findings of the ALJ and we find no error of law. We therefore affirm the ALJ's award and decision upon review.