IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

LINDA BELL,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

MARICOPA COUNTY,
*Respondent Employer*,

PINNACLE RISK MANAGEMENT,
*Respondent Carrier*.

No. CV-14-0095-PR
Filed January 30, 2015

Appeal from the Industrial Commission of Arizona
The Honorable Margaret A. Fraser, Administrative Law Judge
No. 20100-690290
**AWARD SET ASIDE**

Opinion of the Court of Appeals, Division One
234 Ariz. 113, 317 P.3d 654 (App. 2014)
**VACATED**

COUNSEL:

Brian I. Clymer (argued), Brian Clymer Attorney at Law; Matt C. Fendon, Janell Youtsey, J. Victor Stoffa, Fendon Law Firm, Phoenix, for Linda Bell

Scott H. Houston (argued), Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix, for Maricopa County and Pinnacle Risk Management

Toby Zimbalist, Phoenix, for Amicus Curiae Arizona Association of Lawyers for Injured Workers

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in which CHIEF JUSTICE BALES, and JUSTICES BERCH, BRUTINEL, and TIMMER joined.

―――――――

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

¶1        As part of Arizona's workers' compensation statutes, A.R.S. § 23-1062(B) directs when an injured employee becomes entitled to compensation for lost wages due to a work-related injury and how such compensation is payable thereafter.  We hold that the waiting period for compensation set forth in § 23-1062(B) applies to claims for all types of disability, including both temporary partial disability ("TPD") under A.R.S. § 23-1044(A) and temporary total disability ("TTD") under A.R.S. § 23-1045(A).  We further hold that § 23-1062(B) does not require proof of an initial period of TTD, but does require proof of seven consecutive days of some type of work-related disability before an injured employee becomes entitled to compensation for any type of disability, including TPD.

**I.**

¶2        Linda Bell was injured at her job at the Maricopa County Public Defender's Office in February 2010.  She continued working after her injury, but missed work intermittently over the next seventeen months to attend medical appointments and receive treatment.  Bell used sick leave and vacation time during that time to avoid loss of income.  In July 2011, she underwent surgery for her injury and thereafter was off work for several months.

¶3        Bell requested a hearing before the Industrial Commission of Arizona ("ICA") on whether she was entitled to TPD compensation to reimburse her for the sick leave and vacation time she had used during the seventeen months following her injury.  The Administrative Law Judge ("ALJ") denied Bell's request for TPD compensation after an evidentiary hearing, finding that she "ha[d] not submitted any medical evidence that she [had been] taken off work during the time period for which temporary compensation benefits are requested."  Although Bell testified that the aggregate time she missed from work during the seventeen months amounted to more than seven days, the ALJ found that Bell "did not miss any period of time over one week," and that her employer had accommodated all her medical restrictions.  In addition, the ALJ concluded that § 23-1062(B) limits compensation to those employees who can

demonstrate that their "injury cause[d] total disability for more than seven days." The ALJ summarily affirmed the decision upon review.

¶4        The court of appeals affirmed the ALJ's award and decision upon review. *Bell v. Indus. Comm'n*, 234 Ariz. 113, 114 ¶ 1, 317 P.3d 654, 655 (App. 2014). The court held that "the waiting period created by A.R.S. § 23-1062(B) must be satisfied by temporary total disability rather than temporary partial disability," and "by temporary total disability on consecutive working days." *Id.* at 115–16 ¶¶ 12, 16, 317 P.3d at 656–57. Thus, the court upheld the ALJ's findings that Bell was not entitled to TPD compensation because she failed to prove she had satisfied § 23-1062(B)'s waiting period. *Id.* at 117 ¶¶ 17, 19, 317 P.3d at 658.

¶5        We granted review because the legal issues presented are of statewide importance, potentially affecting other workers' compensation claims. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶6        The issues presented are (1) whether the waiting period of § 23-1062(B) precludes a claim for TPD compensation without prior total disability, and, if not, (2) whether consecutive days of lost time from work are required to prove entitlement to TPD compensation. We review de novo the meaning of § 23-1062(B) and its applicability to § 23-1044(A). *See In re Estate of Riley*, 231 Ariz. 330, 332 ¶ 9, 295 P.3d 428, 430 (2013).

### A.

#### 1.

¶7        If a statute's language is subject to only one reasonable meaning, we apply that meaning. *J.D. v. Hegyi*, 236 Ariz. 39, 40–41 ¶ 6, 335 P.3d 1118, 1119–20 (2014). When the language can reasonably be read more than one way, however, we may consider the statute's subject matter, legislative history, and purpose, as well as the effect of different interpretations, to derive its meaning. *See Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8, 296 P.3d 42, 46 (2013). Moreover, when statutes such as §§ 23-1044 and -1062 "relate to the same subject . . . they should be construed together . . . as though they constituted one law" and interpretively reconciled "whenever possible, in such a way so as to give effect to all the statutes involved." *Pima County v. Maya Constr. Co.*, 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). Because the text of §§ 23-1044 and

-1062 does not itself resolve the issues presented, we consider other factors to guide our analysis.

¶8 Section 23-1044(A), entitled "Compensation for partial disability; computation," in pertinent part provides: "For temporary partial disability there shall be paid during the period thereof sixty-six and two-thirds per cent of the difference between the wages earned before the injury and the wages which the injured person is able to earn thereafter." Only § 23-1044, and no other statute, "provides the method of determining the amount of compensation for partial disability." *Alsbrooks v. Indus. Comm'n*, 118 Ariz. 480, 481, 578 P.2d 159, 160 (1978); *see* A.R.S. tit. 23, ch. 6.

¶9 Section 23-1062(B), under the heading "commencement of compensation," directs the commencement of payments to an injured employee:

> The first installment of compensation is to be paid no later than the twenty-first day after written notification by the commission to the carrier of the filing of a claim except where the right to compensation is denied. Thereafter, compensation shall be paid at least once each two weeks during the period of temporary total disability and at least monthly thereafter. Compensation shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury.

Section 23-1062(B) is the only provision in the workers' compensation statutes that addresses timing of payments. *See* A.R.S. tit. 23, ch. 6. While it determines *when* compensation is payable, § 23-1044(A) determines the *amount* of compensation owed for periods of TPD.

¶10 "The word 'disability,' as used in our Compensation Act, does not mean disablement to perform the particular work [the employee] was doing at the time of [the] injury, but refers to injuries which result in impairment of earning power generally." *Savich v. Indus. Comm'n*, 39 Ariz. 266, 270, 5 P.2d 779, 780 (1931); *see also Time, D.C. Freight Lines v. Indus. Comm'n*, 148 Ariz. 117, 119, 713 P.2d 318, 320 (App. 1985) ("[T]he common denominator for disability compensation during each stage is the claimant's reduced earning capacity and the fundamental point is that whether

temporary or permanent, the claimant is being compensated for a loss of earning capacity."). "[W]hen [A.R.S. § 23-1044] says 'disability,' it means earning capacity disability even though the effect upon the work[er]'s earning capacity may be minimal," *Alsbrooks*, 118 Ariz. at 484, 578 P.2d at 163, and likewise "[t]he terms 'incapacity' and 'disability' in A.R.S. § 23-1062(B) refer to loss in earning capacity, as opposed to loss of actual earnings," *Tartaglia v. Indus. Comm'n*, 177 Ariz. 199, 201, 866 P.2d 867, 869 (1994). Thus, the compensation at issue in this case is for a claimed loss in earning capacity resulting from a work-related injury, as distinguished from "medical, surgical, and hospital benefits" to which an injured employee is generally entitled under § 23-1062(A).

**2.**

**¶11**        The parties conceded two significant points during oral argument in this Court. Bell conceded, as she did in the court of appeals, that the seven-day waiting period prescribed in § 23-1062(B)'s third sentence applies to claims for both TTD and TPD. *See Bell*, 234 Ariz. at 114–15 ¶ 8, 317 P.3d at 655–56. And the employer and its insurance carrier conceded, contrary to the ALJ's and the court of appeals' conclusions, that § 23-1062(B) does not require proof of an initial period of TTD before a claimant may recover compensation for TPD. We agree with those concessions because they comport with the statutes, legislative history, and case law.

**¶12**        On the first point, § 23-1062(B) broadly refers to "compensation," "disability," and "incapacity" without limiting those terms to any particular type of disability. *See also* A.R.S. § 23-901(5) (defining "Compensation," without restriction or qualification, as "the compensation and benefits provided" for in the workers' compensation statutes). Further, while Arizona's workers' compensation laws have always included a waiting-period requirement since being codified nearly ninety years ago, *see* Ariz. Rev. Code § 1441 (1928), our legislature, despite amending the relevant statute several times, has never limited the waiting period's general language to incorporate the long-standing distinction between TPD and TTD, *see id.* § 1438(B)–(C) (providing benefits for both TPD and TTD). Thus, to hold that the waiting period does not apply equally to compensation claims for all types of disability, including TPD under § 23-1044(A), would require us to limit § 23-1062(B) in a way its language has never expressed.

¶13        The directive in § 23-1044(A) that compensation for TPD "shall be paid during the period thereof" does not compel us to infer such a limitation.  Because the purpose of § 23-1044(A) is to provide a method for determining how much TPD compensation is owed rather than when it is payable, we conclude that that statute's isolated reference to "the period thereof" does not relate to the commencement of TPD compensation but instead to how compensation should be calculated throughout periods of TPD.  *See Alsbrooks*, 118 Ariz. at 481, 578 P.2d at 160.

¶14        Conversely, interpreting § 23-1062(B)'s waiting period to apply to TPD compensation awardable under § 23-1044(A) is consistent with the latter's mandate that TPD "shall be paid during the period thereof."  Applying § 23-1062(B) to § 23-1044(A) still enables a partially disabled employee to receive compensation during the entire period of TPD, including the initial waiting period, as long as the claimant meets the requirement in § 23-1062(B)'s fourth sentence that the "disability continues for one week beyond [the waiting period]" because then "compensation shall be computed from the date of the injury."  Section 23-1062(B)'s waiting period simply qualifies entitlement to TPD compensation under § 23-1044(A) without foreclosing the availability of such compensation during the period thereof.

¶15        We therefore hold that § 23-1062(B)'s waiting period for compensation applies to an injured employee's claim for any type of disability, including TPD under § 23-1044(A).

**3.**

¶16        On the related second point, § 23-1062(B), read as a whole, does not expressly condition an injured employee's entitlement to TPD compensation on a showing of prior TTD.  Contrary to the court of appeals' observation that the statute's meaning is plain, *Bell*, 234 Ariz. at 115 ¶ 10, 317 P.3d at 656, subsection (B), and particularly its second sentence, may reasonably be interpreted more than one way.

¶17        The second sentence of § 23-1062(B) states that "compensation shall be paid at least once each two weeks during the period of temporary total disability and at least monthly thereafter."  Although that sentence specifically refers to TTD, and § 23-1062 nowhere expressly mentions TPD, the latter part of the sentence, "and at least monthly thereafter," logically applies to types of disability other than TTD.  We therefore disagree with the court of appeals' conclusion that "[b]ecause the language imposing the

6

requisite waiting period follows closely after the reference to 'temporary total disability,' a plain and natural reading of this provision requires the waiting period to be satisfied by a work week of temporary total disability." *Id.*

¶18        Legislative history supports our reasoning.  As noted previously, the waiting period provision in § 23-1062(B)'s third sentence dates back to the 1920s.  *See* 1925 Ariz. Sess. Laws, ch. 83, § 73 (7th Reg. Sess.).  *Compare* Ariz. Rev. Code § 1441 (1928) (original statutory waiting period), *with* A.R.S. § 23-1062(B).  The legislature added the first and second sentences to subsection (B) in 1968, not for the purpose of limiting § 23-1062 to claims involving some period of TTD, but rather to "simplify the procedure and thereby shorten the period of time by which an injured claimant can claim and receive compensation for his injuries."  *Hardware Mut. Cas. Co. v. Indus. Comm'n*, 17 Ariz. App. 7, 10, 494 P.2d 1353, 1356 (1972).

¶19        Moreover, interpreting § 23-1062(B) to require that a period of TTD precede compensation for any type of disability fails to give effect to the mandatory language in § 23-1044(A), a related statute, that compensation for TPD "shall be paid during the period thereof."  Such an interpretation would also run afoul of the notion that "[w]orker's compensation statutes are to be liberally construed so as to effectuate their remedial purpose."  *Tartaglia*, 177 Ariz. at 201, 866 P.2d at 869.  Indeed, nothing in the text or history of the applicable statutes indicates that the legislature intended to condition TPD compensation on a preceding period of TTD, particularly when doing so might completely deprive an injured employee with only TPD of any compensation.

¶20        Our case law is also consistent with these conclusions.  In *Shaw v. Industrial Commission*, we affirmed ICA awards spanning an initial period of TPD for approximately five months, followed by about four months of TTD, and ending with another period of TPD until the claimant's condition became stationary.  109 Ariz. 401, 402, 510 P.2d 47, 48 (1973).

¶21        Likewise, in *Roberson v. Industrial Commission*, despite the lack of an initial period of TTD, we reasoned that if the injured employee had known that he had a loss in earning capacity from TPD after his injury but before being laid off shortly thereafter, then "a valid claim could have been made."  98 Ariz. 336, 338, 404 P.2d 419, 421 (1965) (citing *English v. Indus. Comm'n*, 73 Ariz. 86, 90, 237 P.2d 815, 818 (1951) ("[T]he seven-day statute [§ 23-1062(B)] . . . should not be interpreted to deprive an employee of

compensation for injures when neither the injured employee, nor his employer . . . considers the accident as resulting in a compensable injury or to be so trivial as not to justify reporting to the commission.")). We further reasoned that if the disability persisted for nearly three-and-a-half months after he was laid off, as the employee alleged it had, then he would be "entitled to receive compensation *from the date of his injury* until he returned to some regular work," less the amount he was paid while assigned to post-injury trivial duties before the layoff. *Id.* at 338–39, 404 P.2d at 420–21 (emphasis added).

**¶22**     Thus, we hold that any type of disability, including TPD under § 23-1044(A), may satisfy the waiting period without proof of prior TTD.

**B.**

**¶23**     Finally, we address what is required to satisfy the seven-day waiting period prescribed by § 23-1062(B). Bell argues that the waiting-period requirement may be met by aggregating nonconsecutive time of disability resulting from the same work-related injury. We disagree.

**¶24**     Our analysis of this issue turns on the third and fourth sentences of § 23-1062(B), which state:

> Compensation shall not be paid for the first seven days after the injury. If the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day after the injury, but if the disability continues for one week beyond such seven days, compensation shall be computed from the date of the injury.

Notably, this language does not include the words "consecutive," "uninterrupted," "immediately following," or the like. Nor does it include words like "nonconsecutive," "aggregate," or "cumulative."

**¶25**     Nevertheless, reading the two sentences together strongly suggests that the waiting period requires seven consecutive days of disability: "Compensation shall not be paid for *the first seven days* after the injury. If the incapacity extends beyond *the period of seven days* . . . ." A.R.S. § 23-1062(B) (emphasis added). "The . . . ordinary meaning of the phrase 'seven days' is 'one week,'" *Tartaglia*, 177 Ariz. at 201, 866 P.2d at 869, and

8

a "week" is commonly understood to mean "any seven *consecutive* days," Webster's Ninth New Collegiate Dictionary 1337 (1983) (emphasis added).

¶26        In addition, the word "period" as used with reference to time commonly means "a portion of time determined by some recurring phenomenon." *Id.* at 875. Here, the "recurring phenomenon" that comprises "the period" is the existence of some type of disability for one week—if the disability does not recur on seven consecutive days, it cannot constitute such a period. *See County of Maricopa v. Indus. Comm'n*, 145 Ariz. 14, 19, 699 P.2d 389, 394 (App. 1985) ("[T]he terms 'incapacity' and 'disability' [in § 23-1062(B)] both refer to loss of earning capacity."); *see also Van Dresser v. Firlings*, 24 N.E.2d 969, 970 (Mass. 1940) ("The word 'period' as applied to time carries with it the idea of the separation of a designated interval of time from the flow of time in general. The words 'a period' do not readily expand to include an irregular succession of times or periods of varying length, even though all are included within a calendar year.").

¶27        Furthermore, § 23-1062(B)'s fourth sentence conditions retroactive compensation for the seven-day waiting period on the disability continuing "for *one week* beyond such seven days." A.R.S. § 23-1062(B) (emphasis added). It would be incongruous to allow seven nonconsecutive days to satisfy the waiting period but then require seven consecutive days ("one week") immediately thereafter. *But cf. Tartaglia*, 177 Ariz. at 201, 866 P.2d at 869 ("The legislature may have used 'one week' [in § 23-1062(B)] simply because using 'seven days' twice in the same sentence might be confusingly redundant . . . .").

¶28        We give the words in § 23-1062(B) their commonly understood meaning because it is neither plain nor clear that the legislature intended to give them a different meaning. *See Kilpatrick v. Superior Court*, 105 Ariz. 413, 421, 466 P.2d 18, 26 (1970); *see also* A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language."). In this context, we accordingly construe the statute as imposing a waiting period that requires seven consecutive days of some type of disability before an injured employee becomes entitled to compensation for any type of disability, including TPD under § 23-1044(A).

¶29        Our conclusion is consistent with *County of Maricopa*. The seven-day threshold was not at issue or addressed in that case, as the court of appeals here correctly observed. *Bell*, 234 Ariz. at 116 ¶ 15, 317 P.3d at 657. Nonetheless, *County of Maricopa* is illustrative because the court there

affirmed an award granting benefits based on facts indicating that the claimant satisfied the waiting period.

¶30        The employee in *County of Maricopa* was injured on Friday, April 24; was absent from work on Monday, April 27; Tuesday, April 28; Wednesday, April 29; partially absent on Thursday, April 30; and then totally absent again on Friday, May 1 and Monday, May 4. *County of Maricopa*, 145 Ariz. at 17–18, 699 P.2d at 392–93. The employee thus satisfied the waiting period by establishing some degree of disability on at least seven days after his injury, beginning on Saturday, April 25, and lasting through Monday, May 4. The employee was awarded compensation for nonconsecutive time lost between May 8 and June 7 to attend medical appointments, *id.* at 18, 699 P.2d at 393, which is consistent with § 23-1062(B)'s provision that "[i]f the incapacity extends beyond the period of seven days, compensation shall begin on the eighth day." The employee was also awarded retroactive compensation for time lost during the waiting period, which is likewise consistent with § 23-1062(B) because his disability "continue[d] for one week beyond [the waiting period]" as implied by the fact that he had to continue seeking medical treatment until June 7 despite having returned to his regular employment duties. *See id.*

¶31        There are two significant caveats to the waiting-period requirement. First, "seven days" means seven consecutive *calendar* days, not *working* days, because "although an employee may be working only one or two days a week, his *capacity* to earn is reduced not only on work days, but also on each calendar day." *Tartaglia*, 177 Ariz. at 201, 866 P.2d at 869; *see also Shaw*, 109 Ariz. at 402, 510 P.2d at 48 (rejecting argument that injured employee's disability benefits should be limited to six months because she only worked six months per year, and holding that she "must be compensated for both temporary total disability and temporary partial disability for the length of time that such disabilities exist"). Although the court of appeals correctly acknowledged this point, *Bell*, 234 Ariz. at 115 n.2, 317 P.3d at 656 n.2, the court incorrectly stated that "the § 23-1062(B) waiting period must be satisfied by temporary total disability on consecutive *working* days," *id.* at 116 ¶ 16, 317 P.3d at 657 (emphasis added). To be clear, we hold that the waiting period requires seven consecutive calendar days, regardless of whether those calendar days were also working days.

¶32        Second, an injured employee's entitlement to compensation depends on whether the injury resulted in a disability (that is, a loss in earning capacity), which does not necessarily require that the employee

missed time from work, as the ALJ in this case apparently determined.  *See* A.R.S. § 23-1044(A) (calculating TPD compensation by comparing "wages earned before the injury" with "wages which the injured person is able to earn thereafter"); *County of Maricopa*, 145 Ariz. at 19, 699 P.2d at 394 ("[A]n employee who receives the same or higher wages after an injury than he earned before the injury may nevertheless have suffered a loss of earning capacity.").  Because none of the ALJ's findings reveal whether Bell could prove that her injury resulted in some type of disability, and if so, that the disability persisted for seven consecutive days, we set aside the award denying Bell TPD compensation.  *See Post v. Indus. Comm'n*, 160 Ariz. 4, 7, 770 P.2d 308, 311 (1989) ("To prevent appellate courts from having to assume a factfinder role, an [ALJ] must find on all the case's material issues. Although lack of findings on a particular issue does not invalidate an award per se, we will vacate a judge's award if we cannot determine the factual basis of his conclusion or whether it was legally sound." (citations omitted)).

**¶33**         In sum, we hold that to receive compensation for any type of disability, the claimant must satisfy the waiting period prescribed in § 23-1062(B), which requires proof of seven consecutive calendar days of some type of disability.  Those days need not be work days, and the right to compensation does not hinge on time lost from work.  We do not address whether the seven consecutive days must immediately follow the actual injury, or whether they may occur during any subsequent, post-injury timeframe.

### III.

**¶34**         For the reasons stated above, we vacate the court of appeals' opinion and set aside the ICA award.  *See Marriott Corp. v. Indus. Comm'n*, 147 Ariz. 116, 118, 708 P.2d 1307, 1309 (1985) ("Upon review, an appellate court may neither alter nor modify an [ICA] award but is limited either to affirm or set aside the award.").